THE STATE, HENRY DAILY, PROSECUTOR, v. THE BOARD
    OF CHOSEN FREEHOLDERS OF THE COUNTY OF
    ESSEX.

1.  The janitor of a county court-house, appointed by the board of chosen
    freeholders of such county, is not a public officer, but holds a position,
    and if he be an honorably-discharged sailor in the naval service of
    the United States, then he is protected from removal, under the pro-
    visions of the eighth section of an act of the legislature, entitled "An
    act to reorganize the boards of chosen freeholders in counties of the
    first class in this state," passed May 16th, 1894 (*Pamph. L., p.* 355),
    unless the removal be made for cause and upon notice and hearing.
2.  The legality of the proceedings for the removal of one holding the
    position of janitor of a county court-house, under an appointment of
    the board of chosen freeholders, and for filling the position by another
    appointment, can be reviewed by *certiorari.*

On *certiorari.*

Argued at June Term, 1895, before Justices VAN SYCKEL,
MAGIE and LIPPINCOTT.

For the prosecutor, *Joseph A. Beecher.*

For the defendants, *Joseph T. Munn.*

The opinion of the court was delivered by

LIPPINCOTT, J.   This writ was sued out by Henry Daily,
the prosecutor, to review the proceedings of the board of
chosen freeholders of the county of Essex, had at a meeting
held on December 3d, 1894, by which John Luckemeier was
elected janitor of the court-house of that county.

The return to the writ shows that, at the meeting of the
board held on that date, the following proceedings were had,
viz. :

"A motion was made to go into the election for a janitor
of the court-house.

" Mr. Muller nominated John H. Luckemeier.

" Mr. Oury nominated Henry Daily.

" Mr. Luckemeier was elected by a vote of 26 to 2 for Mr. Daily.

" The director declared Mr. Luckemeier duly elected for the ensuing year."

It is to these proceedings that this writ is directed, and no other proceedings of the board have been certified or appear in the return to the writ.

The arguments presented to the court were founded upon a statement of facts, agreed upon and signed by the counsel of the respective parties, by which it appears that, at the regular annual meeting of the board of chosen freeholders, in May, 1890, the prosecutor was elected janitor of the court-house. At the regular meetings in May of the years 1891, 1892 and 1893, he was duly re-elected. On May 9th, 1894, at the regular annual meeting of the board, he was again re-elected as such janitor. Each of these re-elections was for the ensuing year, and his salary appears to have been fixed at $1,200 per annum, payable in monthly payments. He continued in such position or employment as janitor, without any further action of the board, until December 3d, 1894, and after the proceedings of that date he still continued to perform the services of his position without interference until May 9th, 1895, during which time he received the salary provided by the board.

On December 3d, 1894, the board of chosen freeholders elected in accordance with the provisions of an act of the legislature, entitled "An act to reorganize the boards of chosen freeholders in counties of the first class of this state," passed May 16th, 1894 (*Pamph. L., p.* 355 ; *Gen. Stat., p.* 423, § 85), organized, and, at a meeting on that day, elected Mr. Luckemeier to the position of janitor, by the proceedings to which reference has been made and which are here for review. Luckemeier refrained from acting as janitor until May 9th, 1895 (the date of the expiration of the period for which Daily was employed), when he entered, so far as he was permitted to do so, upon the performance of the duties of janitor. The prosecutor remained at the court-house and refused to surren-

der the keys, and still claims to be the janitor, holds possession of his room, and refuses to yield to anything short of physical force. Both now claim to be doing the work of the janitor.

It is undisputed that the prosecutor is an honorably-discharged sailor in the naval service of the United States. He entered the naval service as a sailor, on June 7th, 1855, and continued in such service until August 25th, 1858, when he was honorably discharged. During his service he was in several engagements of the "Barnes Forts," near Canton, in China.

The only proceedings of the board of chosen freeholders, appointing Mr. Luckemeier to any position, are those of December 3d, 1894, and it may be conceded that the formal effect of these proceedings was to remove the prosecutor from the position of janitor of the court-house, and the only question which can be presented and determined is whether the prosecutor was subject to removal in the manner in which it was sought to remove him. Mr. Luckemeier can only be entitled, if at all entitled, to the position filled by the prosecutor, by virtue of the appointment of December 3d, 1894.

The eighth section of the act of 1894, under the provisions of which the board of chosen freeholders of the county of Essex reorganized, provided that the "terms of *office* of all officers now holding office under appointment by the board of chosen freeholders of counties of the first class or under appointment by any officers of such boards, shall expire on the second day of December, one thousand-eight hundred and ninety-four, notwithstanding that such officers may have been appointed for a longer term; and all offices filled by appointment by such board of chosen freeholders shall be and become vacant from and after said second day of December, one thousand eight hundred and ninety-four, and the board of chosen freeholders constituted or elected under the provisions of this act shall forthwith, upon their organization, appoint successors to the offices hereby vacated, who shall serve for the term of one year only; * * * and provided further, that nothing in this section contained shall apply to or in any-

wise affect any honorably-discharged soldier or sailor of the United States or the widow of such soldier or sailor in office at the time of the passage of this act, but any and all such persons shall continue and remain in their respective *offices or positions* the same as if this act had not been passed, and shall be removed only for cause."

It is clear that by the provisions of this section of the act of 1894, the prosecutor, as janitor of the court-house, was protected from removal unless for cause, and upon notice and a hearing. There exists no justification for the suggestion that he held a public office, and that therefore the remedy of the prosecutor should have been by information in the nature of *quo warranto*. He was holding "a position," as distinguished on one side from a public office and on the other from mere employment. He was no more a public officer of the county, by virtue of his appointment by the board of chosen freeholders, than is the janitor of an insurance building an officer of the insurance company which occupies it. *Throop Pub. Off.*, §§ 1–15.

In *Lewis* v. *Jersey City*, 22 *Vroom* 240, a "bridge-tender," appointed by the board of public works of Jersey City, was held to be "a person holding a position," within the meaning of an act providing that "no person holding a position in any city" should be removed except for good cause shown after a hearing, &c. *Pamph. L.* 1888, *p.* 135; 19 *Am. & Eng. Encycl. L.* 387, *tit.* "*Public Officers;*" 1 *Bouv. Law Dict.* 255, *tit.* "*Office.*"

The prosecutor was entitled to remain in his position, and could be removed "only for cause." The proceedings of December 3d, 1894, do not show that any hearing was had, or that any cause was assigned for his removal, and therefore they were in violation of the act, and the prosecutor is entitled to remain in his position until by some other action of the board he is lawfully removed therefrom.

It is contended that the actual removal of the prosecutor did not take place until May 9th, 1895, and that this actual removal is justified by the provisions of an act entitled "An

act regarding honorably-discharged soldiers, sailors and marines," approved March 14th, 1895. *Gen. Stat., p.* 3702. But the proceedings show that he was removed by virtue of the action of the board of chosen freeholders of December 3d, 1894, and as this action was not warranted in law, and illegal, it afforded no basis of authority for his removal at any time. If illegal when taken, it remained so and was without any force and effect. No other action of the board has been certified for review, and therefore the court is not concerned with the construction and effect of the act of 1895.

The proceedings of the board of chosen freeholders of December 3d, 1894, are set aside, with costs.