THE STATE, WILLIAM H. PETERSON, PROSECUTOR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF SALEM.

Submitted July 11, 1898—Decided February 27, 1899.

An honorably-discharged Union soldier who has been appointed by the board of chosen freeholders janitor of the county court-house for a term indefinite in its extent holds "a position" within the Veteran act of March 14th, 1895 (*Gen. Stat.,* p. 3702), from which he cannot be removed except for cause.

On *certiorari.*

Before Justices LIPPINCOTT and GUMMERE.

For the prosecutor, *William T. Hilliard.*

For the defendant, *Henry B. Ware* and *Howard Carrow.*

The opinion of the court was delivered by

GUMMERE, J.   The board of chosen freeholders of the county of Salem, at its annual meeting held in May, 1891, appointed William Peterson, the prosecutor, as janitor of the court-house of the county.   At each annual meeting of the board held thereafter up to that of May, 1898, the prosecutor was again appointed to that place.   At the annual meeting held in the year 1898, one Joseph Vanneman was appointed in the place of the prosecutor.   The legality of this action is now sought to be challenged by the latter, who is an honorably-discharged Union soldier.

His claim is that by the appointment of Vanneman he was superseded as janitor in violation of the provisions of the act of March 14th, 1895, entitled "An act regarding honorably-discharged Union soldiers, sailors and marines," which declares that no honorably-discharged Union soldier who holds a position or office under the government of any county in this state whose term of office is not fixed by law shall be removed except for good cause shown, after a fair and impartial hearing, but shall hold his position or office during good behavior.   *Gen. Stat., p.* 3702.

The first question which the case presents for consideration is whether a writ of *certiorari* is the proper method of procedure to test the legality of this action of the board, and its solution depends upon whether the janitorship of the county court-house is a public office or not.   If it is, and if, as a result of this appointment, the prosecutor has been ousted from it, *certiorari* is not an appropriate remedy, and he can only be restored to the office by *quo warranto* proceedings.

*Haines* v. *Freeholders of Camden,* 18 *Vroom* 454; *Simon* v. *Hoboken,* 23 *Id.* 367; *Bilderback* v. *Freeholders of Salem, ante p.* 55. If, on the other hand, the janitorship is not a public office but is "a position" within the meaning of the act of 1895, above referred to, then an information in the nature of a *quo warranto* will not lie to review the legality of the action of the board of freeholders, and the prosecutor's remedy is, *ex necessitate rei,* by the writ of *certiorari. Loper* v. *Millville,* 24 *Vroom* 362; *MacDonald* v. *Newark,* 26 *Id.* 267.

In our opinion, the janitor of the county court-house does not hold a public office but does hold what the act of 1895 designates "a position."

The distinction between the two is clearly pointed out by Mr. Justice Dixon in *Stewart* v. *Freeholders of Hudson,* 32 *Vroom* 117, 118. He says: "An office is a place created, or at least recognized, by the law of the state, and to which certain permanent duties are assigned either by the law itself or by regulations adopted under authority of law. A position, within the purview of the act of 1895, is defined to be a place the duties of which are continuous and permanent and which pertain to the position as such." The place of janitor of the court-house does not possess the characteristics of an office, as thus defined, so far as the proofs show, but does come within the description of a position.

This brings us to the main question in the case, to wit, whether the appointment of Vanneman to supersede the prosecutor in the position of janitor was in violation of the provisions of the act of 1895.

That the appointment of Vanneman, if valid, put an end to the prosecutor's employment is conceded. That an honorably-discharged Union soldier, who holds the position of janitor of the county court-house, is within the protection of the act of 1895, provided he does not hold it for a fixed and definite term, has already been decided by this court. *Daily* v. *Freeholders of Essex,* 29 *Vroom* 319.

It remains to be considered whether the term of office of the prosecutor was for a fixed and definite term.

It is contended, on behalf of the defendants, that the term was fixed by the action of the board in annually selecting a person to fill the position. There is no suggestion, either in the proofs or in the argument of counsel, that it was fixed in any other way. But, although the fact is that an appointment to the position was made annually from 1891 to 1898, such action on the part of the board was not obligatory, and it could have done so or not as it saw fit, except so far as it was prohibited by the act of 1895. So too, on each occasion, the person chosen was not appointed to serve for a specified term, but during the pleasure of the board; and the period of service of the person so appointed could not have been terminated except by subsequent action taken by the board. It seems manifest, therefore, that the prosecutor did not, at any time, hold his position for a fixed and definite term. Consequently, after the act of 1895 went into operation he had a right to continue in his position during good behavior, and it would seem that the action of the board of freeholders in appointing a janitor in 1896, and again in 1897, could not abridge that right. But, be that as it may, certainly his appointment to the position in 1897 for a term indefinite in extent, and his acceptance of that position under that appointment entitled him to hold it thereafter during good behavior.

It follows, therefore, that the appointment of Vanneman to the position of janitor of the court-house, in the place of the prosecutor, was in violation of the provisions of the act of 1895; that the writ of *certiorari* is the proper method by which to test the legality of his appointment, and that the prosecutor is entitled to continue to occupy that position, notwithstanding the action of the board in superseding him.

The action of the defendants, the validity of which is challenged by these proceedings, will be set aside, with costs to the prosecutor.