GEORGE W. KITTERMAN, Appellant, v. BOARD OF SUPER-
VISORS OF WAPELLO COUNTY, C. H. DOROTHY ET AL.

**Appointment to office:** SOLDIERS PREFERENCE: INVESTIGATION. As
1  between two applicants for appointment to public office under
the soldier's preference act, both of whom are honorably dis-
charged veterans of the Civil War, the appointing officer or
board is not required to make a formal investigation as to
their respective qualifications; it is only as between one enti-
tled to the preference and one not so entitled that an investi-
gation is required.

**Same:** REMOVAL FROM OFFICE. Where a war veteran is serving an
2  indefinite term of employment as court house janitor, the
board of supervisors cannot arbitrarily fix the termination of
his employment and thereafter proceed to appoint another on
the theory of a vacancy, as the same amounts to a removal in
violation of the soldier's preference law; there can be a re-
moval only after notice and hearing upon a charge of incom-
petency or misconduct: and the filing of an application for
reappointment will not constitute a waiver of the right to
resist such removal.

**Soldiers' preference law:** CONSTITUTIONALITY. The soldier's prefer-
3  ence statute is a civil service law so far as it relates to re-
movals, and is not invalid because confined in its application
to veterans of the Civil War.

*Appeal from Wapello District Court.*— HON. C. W. VER-
MILLION, Judge.

SATURDAY, FEBRUARY 15, 1908.

THE plaintiff in his petition asked for a writ of cer-
tiorari and also a writ of mandamus with reference to the
protection and enforcement of his right to be appointed and
continued in the office of janitor of the courthouse in Wapello
county, alleging that he was a veteran of the late Civil War,
honorably discharged from the service of the United States,
and entitled to a preference in appointment and a continu-
ance in that office under the provisions of chapter 9, of the

Acts of the Thirtieth General Assembly (1904). The defendant Dorothy answered that he was holding the office or appointment under a contract with the board of supervisors of the county. The board of supervisors, and the members of the board individually, who were made parties defendant, joined in this answer. The defendants also filed objections to the issuance of the writ asked for by plaintiff and to the granting of a restraining order as applied for by him. The plaintiff demurred to defendant's answer and objections, which demurrer being overruled, and plaintiff electing to stand upon his demurrer, judgment was rendered against plaintiff for costs. From this judgment, the plaintiff appeals.— *Reversed* and *remanded*.

*Chester W. Whitmore,* for appellant.

*Smith & Lewis* and *Seneca Cornell, County Attorney,* for appellees.

McCLAIN, J.— From the allegations and admissions found in the answer to which plaintiff demurred we may make the following abridged statement of the facts to which the provisions of the veterans' preference act are to be applied: On January 5, 1906, the defendant board of supervisors, by resolution providing for the appointment of various officers "for the year ending March 1, 1907," designated plaintiff as janitor of the courthouse. Plaintiff had, however, already been serving as janitor from March 1, 1905. On January 4, 1907, defendant Dorothy made application to the board in writing, asking that he be appointed and employed as janitor, and showing himself to be an honorably discharged soldier of the Civil War. On the next day plaintiff made application for reappointment "as janitor of the courthouse at the expiration of my present term," setting forth his claim of preference as an honorably discharged soldier. On February 8th following, defendant Dorothy was appointed janitor for the year ending March 1, 1908, and

plaintiff on the 16th of the same month protested against the failure of the board to favorably act on his application, and demanded the right to be heard in an investigation of any charges that might be made against him.    Nevertheless the board, on the 20th of the month, entered into a contract with defendant Dorothy to perform in general and specifically the duties of janitor of the courthouse at an agreed compensation for the year commencing March 1, 1907.    It was alleged in the answer that the board made an investigation as to the qualifications of the two applicants, and, after being duly advised by such investigation, decided and determined that as between them, both being honorably discharged soldiers of the late Civil War, defendant Dorothy possessed superior competency, qualifications, and fitness for said appointment; but it is not alleged that any charges of incompetency or unfitness were made as against the plaintiff, nor that in any hearing of which he had notice he was found to be incompetent or to have been guilty of any misconduct.

I.    The first section of chapter 9, Acts of the Thirtieth General Assembly, which need not be quoted at length, provides that preference in appointment in departments and public works of the State, and of the counties, cities, and towns thereof, shall be given to the honorably discharged soldiers, sailors, and marines of the late Civil War who are citizens and residents of the State over other persons of equal qualifications, and that any officer, board, or person whose duty it is or may be to appoint or employ some person to fill such position or place shall, before appointing any one, make an investigation as to the qualifications of such soldier, sailor, or marine who is an applicant for the position, and shall appoint such applicant, if he is a man of good moral character, and can perform the duties of the position so applied for by him.    Under this section there is no specific obligation so far as we can discover to make an investigation as between two applicants both of whom are honorably discharged sol-

1. APPOINTMENT TO OFFICE: soldiers' preference: investigation.

diers, sailors, or marines of the late Civil War, and as between two such applicants we think that an appointing officer or board may select at discretion without formal investigation or finding as to their respective qualifications. It is only as between one who is entitled to a preference under the section and one who is not entitled to such preference that an investigation and finding is required.

II. The second section of the act relates, however, to removals of persons holding positions by appointment or employment, and who are honorably discharged soldiers, sailors, or marines as aforesaid. In full this section is as follows:

2. SAME: removal from office.

Section 2. Removals: Any person whose rights shall be in any way prejudiced contrary to any of the provisions of this section shall be entitled to a writ of *mandamus* to remedy the wrong. No person holding a position by appointment or employment in the State of Iowa, or in the several counties, cities or towns, thereof, who is an honorably discharged soldier, sailor or marine having served as such in the Union army or navy during the late Civil War shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, and with the right of such employé or appointee to a review by writ of *certiorari*. The burden of proving incompetency or misconduct shall rest upon the party alleging the same. Nothing in this action shall be construed to apply to the position of private secretary or deputy of any official or department, or to any person holding a strictly confidential relation to the appointing officer.

It being conceded that plaintiff is an honorably discharged soldier of the late Civil War, and that he was holding the position of janitor of the courthouse by general appointment prior to the action of the board in January, 1906, purporting to fix the termination of his employment on the 1st of March, 1907, we believe that it was not competent for the board by such action to circumvent the pro-

visions of the act with reference to the removal of such an employé by arbitrarily fixing the termination of his employment, and thereafter proceeding to appoint a person to that position on the theory that there was a vacancy to be filled for one year commencing on the 1st day of March following. The original appointment having been for an indefinite time, the action of the board in fixing a definite term after which they could appoint some one else for another definite term was in effect a removal of plaintiff, without compliance with the statutory provisions above referred to. *Heaviland v. Board of Freeholders,* 64 N. J. Law, 176 (44 Atl. 963). And see, as somewhat analogous, *People v. Kipley,* 171 Ill. 44, 89 (49 N. E. 229, 41 L. R. A. 775).

The fact that plaintiff applied for reappointment for the term following the term for which he had been formally appointed did not, we think, constitute a waiver of his right to resist removal otherwise than in accordance with the provisions of the statute. Plaintiff had never had an election as to whether he should accept an appointment for a definite period, or be removed; for, as already indicated, he was not subject to removal otherwise than as the statute provides.

The position of janitor of the courthouse is not recognized by any statute, and the defendant board no doubt had the right to provide for the filling of such position for a definite term or to let the work by contract, and as to any one accepting the position under such an arrangement all rights would be terminated on the termination of the employment or contract, so that the board might proceed to appoint or employ another without regard to the provisions of the statute with reference to removal. But plaintiff was holding the position by indefinite appointment or employment prior to the action of the board relating to an employment for a specific term, and he could be removed from the position only by compliance with the statutory provisions. Therefore as to him the attempt of the board to fill the posi-

tion for a specified term or by contract was unauthorized. That the position held by plaintiff was one of appointment or employment within the terms of the statute seems not to be seriously questioned. As holding that the janitor of a courthouse comes within such a statutory provision see *Peterson v. Board of Freeholders,* 63 N. J. Law, 57 (42 Atl. 844); *Daily v. Board of Freeholders,* 58 N. J. Law, 319 (33 Atl. 739). That such provisions as are found in section 2 of our statute with reference to removal only on charges and an investigation are constitutional has been decided in the following cases: *In re Stutzbach v. Coler,* 168 N. Y. 416 (61 N. E. 697); *People v. Kipley,* 171 Ill. 44 (49 N. E. 229, 41 L. R. A. 775); *Rogers v. City of Buffalo,* 123 N. Y. 173 (25 N. E. 274, 9 L. R. A. 579).

It is urged, however, for the appellees, that the cases above cited relate to civil service laws, and that, as our soldiers' preference law is not a portion of a civil service system, but relates only to the appointment and removal of veterans of the Civil War, those cases are not applicable. We see no reason for making a distinction. So far as our statute relates to removals, it is to that extent a civil service law, and it was certainly within the discretion of the Legislature to make provision for the continuance in employment of a veteran until he should be removed on charges and an investigation, although no such provision is made as to other officers or employés. *Shaw v. City Council of Marshalltown,* 131 Iowa, 128.

3. SOLDIERS' PREFERENCE LAW: constitutionality.

The lower court erred, therefore, in overruling plaintiff's demurrer to defendants' answer, and the judgment against the plaintiff is reversed, and the case is remanded to the lower court for further proceedings in accordance with the views expressed in this opinion.— *Reversed.*