GEORGE W. KITTERMAN, Appellant, v. THE BOARD OF
SUPERVISORS OF WAPELLO COUNTY, IOWA, and others,
Appellees.

**Soldiers preference law:** APPOINTMENT: TENURE. The chief purpose
1   of the soldiers preference law is to secure to the honorably
discharged veteran permanency of employment; and where his
appointment has been made to a position of a continuous char-
acter, for which no particular term is fixed by statute, he can
not be removed except in the manner provided by the statute.

**Same.** The mere fact of annual appointment of a veteran to a
2   position of a continuous character will not deprive the appoint-
ment of the indefinite character contemplated by the soldiers
preference law, where the appointee claims the right to continue
in the position; even though at the close of the year he made
application for reappointment.

*Mandamus:* FORM OF TRIAL. Even though an action of *mandamus*
3   was instituted prior to the passage of the statute making it tri-
able in equity rather than at law, still where the issues were not
formed and trial had until after the change in practice, it was
then properly tried in equity; as a litigant has no vested right
in any particular form of remedy.

**Same:** COSTS. A plaintiff in *mandamus* is not entitled to attorney's
4   fees, by way of costs and damages, on obtaining a reversal on
appeal from a judgment denying him relief.

*Appeal from Wapello District Court.*—HON. C. W.
VERMILLION. Judge.

THURSDAY, DECEMBER 16, 1909.

ACTION in *mandamus* to enforce the plaintiff's alleged
right to be continued in the position of janitor of the
courthouse of Wapello County. For a more complete state-
ment of facts reference is made to the opinion of this
court on a former appeal. See *Kitterman v. Board,* 137

Iowa, 275.   On a remand of the cause after said decision was rendered judgment was again rendered against the plaintiff, and he again appeals.—*Reversed.*

*Chester W. Whitmore,* for appellant.

*Seneca Cornell,* for appellees.

WEAVER, J.—As will be noted from the opinion on the former appeal plaintiff claims the right to the position under the provisions of the Soldiers' Preference Act, Chapter 9, of the Laws of 1904.   To this petition the defendants answered in substance as follows:   Admitting that plaintiff had been acting as janitor of the courthouse under the appointment of the board from March 1, 1905, to February 25, 1907, the date of the pleading, and that plaintiff is an honorably discharged soldier of the United States who served in the late Civil War, they allege that plaintiff's term of appointment will expire at the end of the current month, and admit he has made due application to be continued in that position.   They further admit that they do not intend to grant the plaintiff's application, and have appointed to the position another person who is also an honorably discharged soldier of the Civil War, which person they have found upon investigation to be possessed of superior qualifications for the place, but they deny that in any manner they have failed to observe the spirit or intent of the statute in question.   Plaintiff demurred to this answer, and, his demurrer being overruled, he appealed to this court, where the ruling of the trial court was reversed.   The cause being remanded to the district court, the defendants amended their answer, and alleged that upon application made by the plaintiff he was originally employed to act as janitor of the courthouse for the period of one year beginning March 1, 1905, at a stated salary of $70.83 1-3 per month, and that before the expiration of

said term the said board of supervisors on the application or request of plaintiff passed a resolution reappointing him to said position for an additional term of one year. They further claim that plaintiff recognized said limitation upon his term by making application to the board for reappointment for the year beginning March 1, 1907, and that for many years it has been the custom of the county to appoint all of its employees including the janitor of the courthouse for terms of one year only, and that such terms of service have at all times been made to terminate on March 1st of each and every year. Plaintiff moved to strike these amendments because they are designed to raise new issues after it has been determined upon appeal that he is entitled to hold the position he demands. The court denied the motion, and plaintiff replying to the amended answer admits that he originally came to the position of janitor under the contract mentioned by the defendants. He denies that he ever entered into any renewal of said contract or that he continued in said position during the following year under the alleged resolution of the board of supervisors, but that he claimed said position and continued to hold it and was permitted to continue therein, under and by virtue of the provisions of the soldiers' preference act. On trial of these issues to the court, plaintiff gave evidence tending to sustain all the essential allegations of his pleading. He swears that he continued in position as janitor the second year under claim of right as an old soldier entitled to preference in said service, and did not enter into any renewal or extension of the contract made at the beginning of the first year. In this he is corroborated by some of the supervisors who took part in passing the resolution reappointing him in 1906 and who say that they then understood that plaintiff was claiming the right to continued employment as an old soldier, and on this point there is no direct conflict in the evidence. On the part of the defendants there was of-

fered in evidence the original contract of employment with
the plaintiff for the year beginning March, 1905, and the
resolution for his appointment for the second year as well
as his application for the year 1907.   There was also testi-
mony tending to show the custom of the county or of the
supervisors to make appointments for only one year at a
time.   The trial court found for the defendants and dis-
missed the petition, and from this judgment plaintiff ap-
peals.

I.   The answer as amended resists the plaintiff's claim
on the ground briefly stated, that he was employed or ap-
pointed for a definite term, and that the soldiers' prefer-
ence act gives him no right to demand re-
tention in that position beyond the expira-
tion of such term.   The amendment to this
effect was evidently framed to adjust the defense to certain
expressions made use of in the opinion of this court on the
former appeal.   It was there said that the board has the
right to employ or appoint a person for a definite length
of time and that at the expiration of such time the em-
ployee could not avail himself of the soldiers' preference
law to keep the place so filled by him.   While this was
said by way of argument only it is doubtless a correct
proposition as applied to service which is temporary or
occasional in character.   The fact that a soldier is em-
ployed to do work for the county creates no obligation
upon the county to keep him upon its pay roll when that
work is done and there is no longer any need of his serv-
ices; but when the service is one of an indefinite or contin-
uous character, the reasonable necessities of which re-
quire the employment of some one at all times, and there
is no statute designating or limiting the time for which
appointment to such position may be made, we are not pre-
pared to say that the board of supervisors can defeat the
operation of the soldiers' preference act by the expedient
of dividing the time into "terms."   By such plan the board

1. SOLDIERS' PRE-
FERENCE LAW:
appointment:
tenure.

is enabled to exercise an absolute power of removal, and
section two of the act, which provides that an honorably
discharged soldier shall not be removed from such position
except for due cause shown and after due hearing on formal
and specific charges, is made of no practical effect. It is
clear that the central purpose of the statute was to insure
to the veteran permanency of employment, and make him
so far as possible independent of the changing whims and
interests of the officer or board under which he serves. To
hold otherwise, and say that the supervisors may fix the
term beyond which they are under no obligation to keep
the soldier appointee in a service the nature of which is
continuous, is to convert the position into a political asset
of the successful party at each recurring election. We
think therefore that if we are to give effect to the statute
according to its obvious purpose and intent we must hold
that the appointment of a veteran to a public service or
employment of a continuous character for which no terms
are fixed by statute must be treated as continuous, and
that he may not be removed therefrom except in the man-
ner which the act provides. A somewhat similar provision
embodied in the Constitution of New York has been held
to have "intended not only a preference in appointments
but a permanency of tenure except in cases of misconduct
or incompetency to be declared upon charges made and
hearing had." *Seeley v. Stevens,* 190 N. Y. 158 (82 N.
E. 1095).

That the mere fact of annual appointment to a con-
tinuous service does not deprive its tenure of the indefinite
character which is protected by the law was clearly recog-
nized by us on the former hearing. It was so held by the
New Jersey court in *Peterson v. Board,* 63 N. J. Law, 57
(42 Atl. 844). There the plaintiff was appointed janitor
of a courthouse in 1891, and at each annual meeting of the
board thereafter for several years he was reappointed. At
the expiration of the last of such appointments another per-

son was selected to take his place. After the first appointment was made a soldiers' preference law was enacted, and it was held that the incumbent was entitled to its benefits, and that the order appointing his successor was invalid. In disposing of the case the court say that the janitor does not hold an "office" within the legal meaning of that term, but a "position," which may be defined "to be a place the duties of which are continuous and permanent and pertain to the position as such."

II. In a written opinion the trial court in this case reached the opposite conclusion. Relying upon the language of the opinion on the former appeal to which we have already referred, it holds that the effect 2. Same. of the resolution or vote of the board of supervisors in January, 1906, naming the appellee as janitor for the ensuing year was an appointment for a definite term, and that the board could refuse to continue him longer in the position without violating the law. This conclusion it grounds (1) upon the understanding the supervisors had of the effect of the order made by them, (2) upon the express language of the order, and (3) upon appellant's understanding or interpretation of the order as indicated by the fact that at or near the close of the year he made application for reappointment. The reasoning thus employed does not appear to us persuasive. In the first place, as already suggested, the appointment from year to year was not inconsistent with the idea of an indefinite tenure within the meaning of the term as used by us on the former hearing. In the next place, substantially every material fact elicited on the trial (except possibly the contract for the first year's service) was conceded by the parties, and considered by us on the former hearing and found to constitute no defense to plaintiff's demand. The effect of the resolution of the board in January, 1906, reappointing the plaintiff and his application for reappointment in 1907 on which the trial court lays chief stress was not overlooked

by us on that hearing, but both are examined, discussed, and disposed of unfavorably to the defendant's contention. We find nothing in the present record to lead us to any other conclusion. Indeed, the evidence tends strongly, if not conclusively, to sustain the demand made in the petition. At the beginning of the year 1906 appellant was claiming as an old soldier the right to be continued in his position. So he testifies and so admit two of the supervisors who testify as witnesses for the defendants, and the third one does not directly deny it. The resolution or vote for the reappointment was not passed when plaintiff was present. He says he did not know of it until this controversy arose, and there is no evidence that he was notified of the action of the board. No written agreement was made nor was any demand for one made upon him. The trial court says on this point: "There is a conflict of the witnesses as to what, if anything, was said by plaintiff and members of the board as to his reappointment, and if that were all upon the question its satisfactory determination would be difficult," but in its opinion the application of the plaintiff for reappointment is sufficient to resolve the doubt against him. A careful examination of the record reveals no conflict whatever upon the proposition that appellant was then claiming the right to be continued in the position as an old soldier. One of the supervisors does say that appellant said to him on one or more occasions he would like to be reappointed under the conditions of his former appointment, and that he expressed a fear that with a change in the political complexion of the board he might lose his job. Conceding the truth of this testimony, it shows no more than a fear that an attempt might be made to deprive him of his position and a desire on his part to hedge against it. It may also be said that if this conduct shows he did not know practical politics, the result was strictly in accordance with his prophetic fears —there was a change in the political complexion of the board, and he did lose his job. We are of the opinion that

the effect of the admitted facts with which we had to deal on the former appeal is in no manner obviated by the amendment to the answer or by the evidence contained in the present record. Such being the case our view of the law as hereinbefore expressed requires that plaintiff be held entitled to the relief demanded.

III.   Counsel argue that the findings of the trial court are to be treated as the verdict of a jury, and this court should not attempt to pass upon the facts. This contention is grounded upon the fact that, when this action

3. *Mandamus:* form of trial.

tion was begun, *mandamus* was classed as a law action, and the statute making it triable in equity did not become a law until July 4, 1907. But while this is true, the issues were not joined nor trial had until long after the change in practice had become effective, and the action was therefore properly tried in equity. There is no vested right in any particular form of remedy.

Other questions have been argued by counsel, but as we do not find them essential to a disposition of the appeal we shall not discuss them.

For the reasons stated, the judgment below is reversed and cause remanded to the district court, with direction to issue writ of *mandamus* as prayed, and for such further proceedings in harmony with this opinion as may be required for the assessment of plaintiff's damages.

Appellant's motion for taxation of attorney fees is denied, there appearing to be no statute

4. SAME: costs.

which expressly or by fair implication provides for such allowance either by way of costs or damages. —*Reversed.*