JAMES KING, Appellant, v. THE CITY OF OTTUMWA,
IOWA, ET AL.

**Municipal corporations:** APPOINTMENT OF OFFICERS: SOLDIERS PREFER-
ENCE LAW. The statute requiring the council in cities of the first
class to appoint a street commissioner at the first meeting after
the biennial election fixes the term of such officer for two years,
with express power of appointment at the expiration of that
time; and a veteran appointed to the office can not invoke the
soldiers preference law as against another qualified veteran ap-
pointed at the close of the two year term.

*Appeal from Wapello District Court.*—HON. FRANK EICH-
ELBERGER, Judge.

WEDNESDAY, JUNE 15, 1910.

PLAINTIFF was applicant for the position of street
commissioner in the city of Ottumwa in April, 1905,
but Andy Hill received the appointment. Thereupon plain-
tiff instituted suit in mandamus praying that the office

be declared vacant and the city council be compelled to appoint him thereto. Issues were joined, but on October 16, 1905, a compromise was effected, in pursuance of which plaintiff was appointed to the position under the soldiers' preference law. See section 1056a15, Code Supp. 1907 (30th General Assembly, chapter 9). On April 2, 1907, the political complexion of the council having changed, Henry Arnold, also an honorably discharged soldier of the Civil War with requisite qualifications was appointed street commissioner. Subsequently Arnold was removed by the mayor of the city, and Henry Adcock, also a qualified veteran of the Civil War, was by him appointed in his stead. In this action, plaintiff prayed for restoration to the position and for damages. On hearing the petition was dismissed, and plaintiff appeals. *Affirmed.*

*Chester Whitmore,* for appellant.

*Clyde Sparks,* for appellees.

LADD, J.—Section 651 of the Code provides that, "in cities of the first class, the council at its first meeting after the biennial election, shall appoint . . . a street commissioner." This, in effect, fixed the term of such officer for two years, for at the end of that time the power of appointment is expressly conferred. Upon the resignation of one Hill as street commissioner of the city of Ottumwa, the plaintiff was appointed in his stead October 16, 1905, and continued in the discharge of his duties until the first meeting of the council after the biennial election in April, 1907, when one Henry Arnold was appointed to the position. Subsequently Arnold appears to have been removed by the mayor of the city and Henry Adcock to have succeeded him. Each of these appointees is conceded to have possessed the requisite qualifications under the soldiers' preference law, the sole issue

being whether plaintiff, in the absence of removal in pursuance of the procedure prescribed in section 2 of the acts of the Thirtieth General Assembly (section 1056a16, Code Supp. 1907), was entitled to continue in the position of street commissioner indefinitely. The soldiers' preference law does not purport to affect existing laws with respect to terms of office or service. This was recognized in *Kitterman v. Board of Supervisors,* 145 Iowa, 22. And, where the term is prescribed by statute, the appointment is for the period therein defined, and not indefinitely as in the *Kitterman* case. The incumbency is terminated by the statute fixing the period of service, and there is no occasion for invoking the section of the preference law relating to removals. The term for which plaintiff was designated expired in April, 1907, and, in appointment of his successor, heed must have been given to the preference law; but plaintiff, because of having served before, was not entitled to preference over others in like situation. Both Arnold, appointed by the council, and Adcock, appointed by the mayor, after the authority to do so had been conferred on him (section 651, 652, Code Supp. 1907), are conceded to have been qualified as veterans of the Civil War, and there was no error in dismissing the petition.

 *Affirmed.*