H. A. STATTER, Appellee, v. CLYDE L. HERRING et al., Appellants.

No. 42314.

DECEMBER 12, 1933.

Edward L. O'Connor, Attorney-general, and Clair E. Hamilton and Harry Garrett, Assistant Attorneys-general, for appellants.

W. L. Harding, H. W. Hanson, and T. H. Haynes, for appellee.

KINTZINGER, J.—The facts in this case were stipulated. The plaintiff is the head of a family, a citizen and resident of this state, and an honorably discharged soldier of the recent war between the United States and the Imperial German Government.

The plaintiff occupied the position as "yardman" under the supervision and control of the state custodian of public grounds and buildings from October 29, 1930, to April 15, 1933.

On February 28, 1933, Fred Willis, who until that time had been custodian of public buildings and grounds, was removed from his office by the State Executive Council, and H. B. Dunlap was appointed thereto.

On April 4, 1933, the plaintiff received the following letter releasing him from his position as yardman:

"Executive Council of Iowa, Office of the Secretary.
"April 4, 1933.
"Mr. Henry Statter, Des Moines, Iowa.
"Dear Sir: You are hereby notified that the Executive Council has released you as Yardman effective April 9th, 1933.
"Yours truly,
"Ross Ewing, Secretary."

Defendants admit that he was not discharged, but claim that his term of office had expired with that of the former custodian, and that he was a deputy.

The foregoing letter was written and forwarded by the secretary of the Executive Council at the request of H. B. Dunlap, the new custodian. No charges of misconduct were filed against the appellee, and no notice of any was given as required by section 1163 of the Code. It is also stipulated that appellee gave no notice to the appellant that he was an ex-service man.

Section 1159 of the Code provides:

"In every public department and upon all public works in the state, * * * honorably discharged soldiers, sailors, * * * from the army and navy of the United States in the late civil war * * * or war with Germany, who are citizens and residents of this state, shall * * * be entitled to preference in appointment, employment, and promotion over other applicants of no greater qualifications."

Section 1163 provides:

"No person holding a public position by appointment or employment, and belonging to any of the classes of persons to whom a preference is herein granted, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, and with the right of such employee or appointee to a review by a writ of certiorari."

Appellee was a citizen of the United States, a resident of Iowa, and an honorably discharged soldier of the late war with Germany. At the time of his discharge, he held a position as yardman under the supervision and control of the state custodian of public grounds and buildings. He claims that under the provisions of section 1163

of the Code he could not be removed from such position except for incompetency or misconduct shown after hearing upon due notice of charges. No charges and no notice of any were ever preferred against him. Defendants claim that plaintiff was not entitled to the benefits of the Soldiers' Preference Act, because (1) his term of office expired with that of the old custodian of public grounds and buildings and (2) because his position of "yardman" made him a deputy of the custodian. If either of these claims were established, plaintiff would not be entitled to the benefits of the Soldiers' Preference Act.

The statute also excepts from the operation of the Soldiers' Preference Act a private secretary, a deputy, or any person holding a strictly confidential relation to the appointing officer. He was not a private secretary and not holding a strictly confidential relation to any appointing officer. There was no evidence that appellee was removed for incompetency or misconduct. The only other theories upon which he could be removed is that he was a deputy of his appointing officer, or that his term expired with that of his former chief.

The custodian of public buildings and grounds has no regular term but holds his office during the pleasure of the Executive Council. Code, section 272. There is no statute providing that the tenure of employees under the supervision of the custodian terminates with a removal or change of custodians, nor is there any statute authorizing the appointment by custodian of the employees under his supervision.

Appellee's position was simply that of a "yardman". It is a matter of common knowledge that a yardman is an employee who takes care of or assists in the care of yards and grounds. There is nothing in the record, or in the nature of his work, tending to show that his position was in the nature of a deputy to the custodian. If he was a deputy, then all the yardmen were also entitled to such rank. The position of yardman, like that of janitor of a courthouse, is not statutory. The defendant board no doubt had the right to provide for the filling of such position for a definite or indefinite term, or let the work by contract. As holding that a courthouse janitor comes within the protection of the Soldiers' Preference Act, see Kitterman v. Supervisors, 137 Iowa 275, 115 N. W. 13; Kitterman v. Wapello, 145 Iowa 22, 123 N. W. 740; Peterson v. Board of

Freeholders, 63 N. J. Law 57, 42 A. 844; Daily v. Freeholders, 58 N. J. Law 319, 33 A. 739.

· In Kitterman v. Wapello, 145 Iowa 22, 123 N. W. 740, we said:

"The central purpose of the statute was to insure to the veteran permanency of employment, and make him so far as possible independent of the changing whims and interests of the officer or board under which he serves. To hold otherwise, and say that the supervisors may fix the term beyond which they are under no obligation to keep the soldier appointee in a service the nature of which is continuous, is to convert the position into a political asset of the successful party at each recurring election. We think therefore that if we are to give effect to the statute according to its obvious purpose and intent we must hold that the appointment of a veteran to a public service or employment of a continuous character for which no terms are fixed by statute must be treated as continuous, and that he may not be removed therefrom except in the manner which the act provides."

The record in this case shows that the employment was indefinite. It would therefore be unlawful for the Executive Council to discharge appellee from the position. His employment was not for a definite term. Mr. Willis, the custodian under the former administration, was relieved from his office March 15, 1933, but plaintiff continued as yardman until the following month. He had been in the same position from October 29, 1930, until released. There is nothing to show that he went in with the former custodian or that he was appointed for any definite period. It is therefore presumed that his employment was indeterminate and continuous. Kitterman v. Supervisors, 145 Iowa 22, 123 N. W. 740.

It is claimed that, because appellee gave no notice to appellant that he was an ex-service man, the writ should not be sustained. The statute itself provides that "no person holding a public position by appointment or employment, and belonging to any of the classes of persons to whom a preference is herein granted shall be removed, etc." It is therefore immaterial whether notice was given or not. If he met the requirement of the statute, by showing that he was an ex-service man, he is entitled to its protection, regardless of any notice to appellant.

He does not come within any of the exceptions to the statute. It was therefore unlawful to remove him without a hearing.

414

It is claimed that the state custodian of public buildings and grounds, having full supervision and care thereof, also had authority to hire and discharge yardmen. Defendants also claim that the custodian is not a party to this proceeding and there is therefore a misjoinder of parties. The appointment of the state custodian, however, was made by the State Executive Council.

There is no provision of law giving the state custodian the authority to hire and discharge employees in his office. The evidence introduced shows that the removal of appellee was made by the Executive Council on the application of the state custodian. This in itself would tend to show that he had no such authority. A letter from the secretary of the Executive Council notifying the appellee "that the Executive Council has released you as yardman effective April 9, 1933," and signed by its secretary, was sufficient evidence to show his removal by defendants.

We think the appellee in this case comes squarely within the protection of the Soldiers' Preference Act and that he was improperly removed.

The judgment of the lower court ordering his reinstatement is therefore correct and is hereby affirmed.

ALBERT, C. J., and ANDERSON, CLAUSSEN, STEVENS, KINDIG, and MITCHELL, JJ., concur.