THOS. J. SORENSON, Appellee, v. FRANK ANDREWS et al., Appellants.

No. 43103.

JANUARY 14, 1936.

J. F. Cooper, County Attorney, for appellants.

Prichard & Prichard, for appellee.

RICHARDS, J.— On January 1, 1929, a written contract was entered into between plaintiff and the board of supervisors of Monona county by the terms of which plaintiff was employed by the board to act as janitor of the courthouse for a period of one year from said date. On or about the 1st day of January of each year thereafter until January, 1935, plaintiff and the board of supervisors entered into similar written contracts of employment, each for the term of one year. Under these several contracts plaintiff served as such janitor from January 1, 1929, until about the fifth day of January, 1935, on which latter date the board employed one Gohring, an honorably discharged soldier, to act as janitor during the year 1935, and disregarded an application to the board made by plaintiff in December, 1934, requesting that he be continued in his position as such janitor. The board made no charges of incompetency or misconduct, nor was there any notice of or hear-

ing on any such charges. The action of the board in appointing Gohring and disregarding the application of plaintiff was reviewed by the district court upon the writ of certiorari issued upon plaintiff's petition. The court sustained the writ and set aside and annulled the proceedings of the board, as violative of Code section 1163. Therefrom the defendants have taken this appeal.

Plaintiff's cause of action is based on Code section 1163, found in chapter 60 of 1931 Code; said chapter being known as the Soldiers Preference Law. The first section of said chapter provides, in substance, that, in every public department and upon all public works in the state and of counties, honorably discharged soldiers shall be entitled to preference in appointment, employment, and promotion over other applicants of no greater qualifications. Section 1159. Plaintiff admittedly was such a discharged soldier. Section 1163, above mentioned, is as follows:

"1163. Removal—certiorari to review. No person holding a public position by appointment or employment, and belonging to any of the classes of persons to whom a preference is herein granted, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, and with the right of such employee or appointee to a review by a writ of certiorari."

We have previously held, in cases cited hereinafter, that the janitorship of a county courthouse comes within the purview of the Soldiers Preference Law.

Upon the salient facts there is no controversy in this case. It is admitted that plaintiff and the board of supervisors entered into the successive written contracts above described, by which plaintiff was employed by the board as janitor; each contract providing for its termination at the end of that calendar year. These successive written contracts constituted the whole and sole employment of plaintiff by the board. Upon this fact situation is presented the question whether plaintiff, an honorably discharged soldier, was holding a public position by appointment or employment from which he could not be removed except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges. Appellee contends that, although serving under annual contracts, yet his employment was a service the nature of which is continuous and permanent, and that,

on account of such continuous and permanent nature of said employment, he is entitled to continue in said employment indefinitely and until removed upon a hearing on stated charges as provided by section 1163. Appellee cites Kitterman v. Wapello County, 145 Iowa 22, 123 N. W. 740, as his supporting authority.

On the other hand, it is the contention of appellants that among the duties imposed on them by statute are the following, namely: to furnish a place for holding the district court, to furnish county officials with offices at the county seat, with fuel and lights, and to exercise the care and management of the county buildings and property. In connection with this, appellants point out that the statutes empower the board of supervisors to make such orders concerning the corporate property of the county as it may deem expedient not inconsistent with law. They point out that the selection and appointment of a janitor of the county courthouse, growing out of the custodial duties of the board, must be so made as to insure the efficiency, safety, and economy for which the board must strive. Appellants' position is that in performing this duty of selection and appointment of janitor they have a sufficient discretion in serving the public interests that they may make appointments that shall continue for fixed periods of time. Appellants, having made such appointment for a definite term, now claim that plaintiff was not removed from any public position because he served the full term of the position as rightfully created by the board. Appellants claim that they fully complied with the Soldiers Preference Law at the end of plaintiff's contract of employment, at which time the board considered the applications of no persons other than honorably discharged soldiers, including plaintiff's application, although the appointee was a soldier other than plaintiff. Appellants rely largely upon Kitterman v. Wapello County, 137 Iowa 275, 115 N. W. 13.

The case of Kitterman v. Wapello County was twice before this court; the first opinion at 137 Iowa 275, 279, 115 N. W. 13, 15, being cited by appellants, the second appearing at 145 Iowa 22, 123 N. W. 740, being cited by appellee. The Kitterman case involved the question of the discharge of a soldier from the position of courthouse janitor. From the earlier Kitterman opinion appellants quote and rely on the following language:

"The position of janitor of the courthouse is not recognized

by any statute, and the defendant board no doubt had the right to provide for the filling of such position for a definite term or to let the work by contract, and as to any one accepting the position under such an arrangement all rights would be terminated on the termination of the employment or contract, so that the board might proceed to appoint or employ another without regard to the provisions of the statute with reference to removal.'' The opinion then states: ''But plaintiff was holding the position by indefinite appointment or employment prior to the action of the board relating to an employment for a specific term, and he could be removed from the position only by compliance with the statutory provisions. Therefore as to him the attempt of the board to fill the position for a specified term or by contract was unauthorized.''

Appellee points out that in the second opinion in the Kitterman case, 145 Iowa 22, 25, 123 N. W. 740, 742, the court makes reference to the above quotations from the first opinion in this language:

''While this was said by way of argument only it is doubtless a correct proposition as applied to service which is temporary or occasional in character. * * * but when the service is one of an indefinite or continuous character, the reasonable necessities of which require the employment of some one at all times, and there is no statute designating or limiting the time for which appointment to such position may be made, we are not prepared to say that the board of supervisors can defeat the operation of the soldiers preference act by the expedient of dividing the time into 'terms.' By such plan the board is enabled to exercise an absolute power of removal, and section two of the act, which provides that an honorably discharged soldier shall not be removed from such position except for due cause shown and after due hearing on formal and specific charges, is made of no practical effect. * * * We think therefore that if we are to give effect to the statute according to its obvious purpose and intent we must hold that the appointment of a veteran to a public service or employment of a continuous character for which no terms are fixed by statute must be treated as continuous, and that he may not be removed therefrom except in the manner which the act provides. * * * That the mere fact of annual appointment to a continuous service does not deprive its tenure of the indefinite

character which is protected by the law was clearly recognized by us on the former hearing."

In the course of the opinion, the court also says: "In the first place, as already suggested, the appointment from year to year was not inconsistent with the idea of an indefinite tenure within the meaning of the term as used by us on the former hearing." The court also quotes with approval a New Jersey authority to the effect that a courthouse janitor does not hold an "office" but a "position" which may be defined to be a place, the duties of which are continuous and permanent and pertinent to the position as such.

Appellants, relying largely upon the earlier Kitterman opinion, urge that the above-quoted portions of the second opinion should be interpreted as dictum, not binding as a precedent of this court. As reasons therefor, appellants say that in the first Kitterman opinion it is conceded that plaintiff was holding the position of janitor by a general appointment prior to the action of the board purporting to fix the termination of his employment at the end of a current year, and that in the second Kitterman opinion this court finds to the same effect. From this appellants argue that the only matter of law that was or could have been determined in either Kitterman opinion, upon the facts that determined the issues, was that an appointment for an indefinite period to a continuous service cannot be terminated by a subsequent appointment for a fixed term. Appellants earnestly contend that in the Kitterman case there was not before the court for determination the law upon the fact situation that determines the issue in the case at bar. This last proposition may be readily admitted. Indeed there has not been called to our attention any prior opinion of this court in which such fact situation obtained. It has been definitely determined in both the Kitterman opinions as well as in Statter v. Herring, 217 Iowa 410, 251 N. W. 715, that the appointment of a veteran for an indefinite period to a public service of permanent character must be treated as creating a continuous employment, and removal therefrom is to be made in the manner provided in Code section 1163. But no opinion of this court has been called to our attention in which the court had before it to determine the rights of the appointee where the board of supervisors had made no general or indefinite appointment and where in exercising their dis-

cretion as public officials the board had deemed it essential to create a position having a fixed term, to which position only the appointment had been made. The first Kitterman opinion was grounded on the conceded fact that there had been an indefinite or general appointment of Kitterman, and the same feature appears in the second opinion. The same is true of Statter v. Herring, 217 Iowa 410, 251 N. W. 715. A careful consideration of these cases compels the conclusion that the opinions in none of these cases foreclose the question presented by the facts in the case at bar. We therefore deem it necessary to look upon the question before us as heretofore undetermined by this court.

So viewing the situation, we are enabled at this time to take into consideration other statutes as well as the Soldiers Preference Law and some other matters of public import. These do not appear to have been more than incidentally referred to in the Kitterman opinions, and quite naturally so, because the outweighing thought in that case was the fact that the soldier was depending upon a prior indefinite or general appointment. These other statutes already referred to are those which impose on the board of supervisors definite duties with reference to the care and preservation of public property and buildings, the providing a place for holding district court, the furnishing of a place for the various county officers in which to perform their duties, and fuel, lights, and other incidentals necessary for their proper functioning.

 Code section 5130 confers upon the board of supervisors the power to make such orders concerning the corporate property of the county as it may deem expedient, not inconsistent with law. This power the board should exercise with care commensurate with the responsibility, and with efficiency and economy, and the legislature has properly clothed the board with a large discretion. If the exercise of this discretion leads the board to conclude that the public interests and the safety of the public property will be better conserved by the appointment of a janitor for a specific period of time, we find nothing in the Soldiers Preference Law interdicting such exercise of the board's discretion; for it must be borne in mind that the Soldiers Preference Law was enacted by the legislature in recognition of a group of men and women who as discharged soldiers and nurses are recognized by the legislature as being entitled to preferment in certain public offices and services. The preferment, however,

is to this body or group, as distinguished from ordinary civilians. If we fail to recognize that it is this entire group that the legislature designated, we fail to attain the legislative purpose. If we interpret this act as creating preferences or superior rights among the members of the group, we are creating individual preferences within the preferred group of which there is no indicated legislative intent in the act. From the act itself we can glean no intention on the part of the legislature that the appointment of one of the group for a definite fixed period should confer upon that appointee the right to exclude all others of the preferred group from enjoying the emoluments of the position during perhaps the lifetime of the appointee. This interpretation of the act finds support in King v. Ottumwa, 148 Iowa 411, 126 N. W. 943. In that case was involved the office of street commissioner. By statute the period of two years is fixed as the term for which the appointment may be made. The plaintiff, having served one term, claimed that by virtue of the Preference Act he was entitled to reappointment and continuation in office. He was not reappointed, but instead another soldier of the preferred class was installed in the position. It was held that the fact that plaintiff had served the previous term did not entitle him to preference over others at the end of his term. It is true there was involved in that case the statutory office of street commissioner. But the principle is recognized that the Preference Law confers its benefits upon the group or class as a whole and with equal privilege to each of the members of the group. So long as the appointing board makes appointments for each fixed term of employment from the preferred class, if there are those of the preferred class desiring the appointment, we are of the opinion the real intent of the legislature will be accomplished. What then results is the extension of the benefits of the act to the group as a whole, with equal fairness to the members of the group, all as intended by the act, and the wide discretion given the board of supervisors by the legislature for the public welfare will not be hampered.

All these matters considered, we come to the conclusion that here we have two matters of expressed legislative intent—one that in clothing the board of supervisors with the necessary powers to conduct county affairs, which are of very large moment, a wide discretion should be vested; the other is the legislative intent that that group of honorably discharged veterans who

have served their country should have special recognition. Both these legislative purposes should be recognized and attained. Neither should stifle the other. We come to the conclusion that the Soldiers Preference Act does not impinge upon the power of the board of supervisors to appoint courthouse janitors for periods having a definite termination. It follows that at the end of such definite term the appointee, having served his term of employment, is without right to continuance therein by invoking the provisions of Code section 1163.

Accordingly, the judgment of the district court must be and is reversed, and the case remanded, with directions to the district court that judgment be there entered annulling the writ.— Reversed and remanded.

DONEGAN, C. J., and KINTZINGER, PARSONS, ALBERT, ANDERSON, and POWERS, JJ., concur.