RAY PITTINGTON, Appellee, v. CLYDE L. HERRING et al.,
Appellants.

No. 43084.

JANUARY 21, 1936.

Edward L. O'Connor, Attorney General, and Harry F. Garrett, Assistant Attorney General, for appellants.

H. W. Hanson and T. H. Haynes, for appellee.

ANDERSON, J.— This is an appeal from the ruling of the district court of Polk county, Iowa, in which a writ of certiorari was issued to review the acts of the executive council of the state of Iowa and H. B. Dunlap, custodian of public buildings and grounds of the state, in discharging the plaintiff, Ray Pittington, from the position of janitor foreman under the supervision and control of the custodian. There was a ruling and judgment in the trial court holding that the discharge of the plaintiff was illegal and a violation of the Soldiers' Preference Law (Code 1931, section 1159 et seq.) and ordering the executive council to reinstate the plaintiff to his former position as janitor foreman in the state house. The order also dismissed Dunlap, custodian, as a defendant in the case. From such ruling and order the defendant, executive council, has appealed.

It is conceded that the plaintiff-appellee is a World War veteran; that he had served many months as janitor foreman in the department of the custodian of public buildings and grounds and was discharged on May 31, 1933. There is no record as to who employed him, and the record as to who discharged him is very unsatisfactory. The appellants contend that the appellee was discharged by the custodian, and that such custodian is the only person or board who has the right and authority to so do; and that the executive council without authority to hire or discharge, is an unnecessary and improper party defendant. The only record as to the discharge of the appellee is a notation in the minutes of the executive council which appears to have been made on June 5, 1933, and consists of the following: "Council released Ray Pittington as janitor foreman, effective May 31, 1933, and appointed Earl A. Wright, effective June 1, 1933." There is no record of any motion or resolution having been offered or introduced or voted upon by the executive council. The custodian testifies that he discharged the appellee. The appellee's petition simply alleges that "plaintiff was, without cause,

excuse or any reason recognized by law, discharged from his work as janitor foreman, said discharge becoming effective about the 31st day of May, 1933." There is no allegation in the petition or the amendment thereto alleging that the executive council discharged the appellee, but simply that he was discharged by the "defendants." And at that time the executive council and the individual members thereof were named as defendants, as was also Dunlap, the custodian. It does affirmatively appear, however, that the appellee never had any communications with the executive council and that he dealt only with the custodian. The return to the writ recites "that a new custodian of public buildings and grounds was appointed and a new staff of assistants obtained by him with the approval of the Executive Council." This would indicate that the executive council had nothing to do either with the employment or discharge of the appellee, and that it simply approved the new staff of assistants.

█▌█ The custodian of public buildings and grounds is the head of one of the departments of the state government. The office is created under the provisions of chapter 17 of the 1931 Code (section 272 et seq.), and this chapter provides that the executive council shall appoint a custodian of public buildings and grounds who shall hold office during the pleasure of the council. The chapter also prescribes the duties of the custodian, among which we find under subdivision 4 of section 273 that it shall be the duty of the custodian to "have at all times, charge of and supervision over the police, janitors, and other employees of his department in and about the capitol and other state buildings at the seat of government." Chapter 18 of the Code (section 276 et seq.) creates the executive council as a department of the state government, and prescribes its duties and authority, but nowhere in the code will be found any statute clothing the executive council with authority to employ or discharge employees in the department of the custodian. It would appear that the employees under the custodian would be subject to being employed and discharged by the custodian alone. We can see no difference between the employees of that department and the employees in the office of the clerk of this court or in the office of the supreme court reporter and code editor. In both of the latter cases the supreme court appoints the head of the department but has nothing to do with the selection, employment,

or discharge of the deputies and assistants in those departments.

The appellee relies upon the case of Statter v. Herring et al., 217 Iowa 410, 251 N. W. 715, in which a yardman, an employee under the custodian's department, was discharged by the executive council, and in which we held that the executive council had authority to so act. In that case we held that there was no provision of law giving the state custodian authority to hire and discharge employees of his office; but in that case it affirmatively appeared that the executive council discharged the yardman upon the application of the state custodian. No such situation is shown by the record in the case at bar. In the case of Thurber v. Duckworth, 165 Iowa 685, 147 N. W. 158, a janitor was discharged and an action for his reinstatement was brought against the custodian and not against the executive council, and we held in that case that the custodian was the proper party defendant.

Chapter 188 of the Acts of the 45th General Assembly, which is the appropriation act for the biennium beginning July 1, 1933, and which became effective April 24, 1933, provides in section 63: "All clerks, janitors and other employees provided for by this act, shall be under the control of the head of the department and may, by him, be temporarily assigned to such other work or duties within the department as he shall direct and shall be subject to dismissal by him." And section 70 of the same act provides: "Where any provisions of the laws of this state are in conflict with this act the provisions of this act shall govern for the biennium." The act containing the provisions just quoted was not called to the attention of this court in the Statter case and was not considered by the court in arriving at the conclusion therein announced. It appears that the act referred to, chapter 188, is a clear, definite, and legislative announcement that all janitors and other employees provided for in the act shall be under the control of, and subject to dismissal by, the head of the department. The appellee questions the validity of this act, and contends that the sections quoted are not mentioned in the title to the act, and that the title is not comprehensive enough to permit the legislature to include the quoted sections, and that the inclusion of such sections in the act is in contravention of Section 29, Art. III, of the State Constitution. The contention here involves the question as to whether the title to the act is comprehensive enough to permit the inclusion of the sections we have

above quoted; that is, whether the quoted sections are germane and so connected with the act itself as to avoid the contention that it is in contravention of the State Constitution.

■■■ The act in question has expired by operation of law, and we deem it unnecessary to pass upon the question of its constitutionality on this appeal. To say the least, section 63 of the act above quoted indicates the legislative intent and purpose to vest in the head of the various state departments not only the control and supervision of the employees of such department but also the power and authority to employ and discharge such employees.

■■■ With this legislative intent definitely expressed, we are constrained to hold that the power and authority to have charge and supervision over the various employees of the various state departments, as well as the power and authority to discharge, is vested in the head of the various departments, and in the present case that the power to employ and discharge is vested in the head of the department of the custodian of public buildings and grounds, and that he is the only proper party to name as defendant in this class of proceedings. As we have indicated, the trial court without any apparent reason dismissed all named defendants other than the executive council, and this leaves the record with the executive council as the sole defendant, against which the appellee had no cause for complaint and no cause of action.

The appellant raises other contentions which, in view of our conclusions as above indicated, it will not be necessary to notice.

■■■ There was no appeal by the appellee from the order of the trial court dismissing the custodian as one of the defendants named in the petition for the writ. While we think such order was erroneous, it, not having been appealed from, is the law of the case, and the appellee is not in a position to now reassert an action against such custodian.

■■■ It follows from the foregoing opinion that the district court erred in ordering the executive council to reinstate the appellee as an employee of the department of the custodian, and such order must be annulled and reversed.—Reversed.

DONEGAN, C. J., and KINTZINGER, ALBERT, MITCHELL, HAMILTON, POWERS, RICHARDS, and PARSONS, JJ., concur.