In the Matter of the Application of FRANK B. SEELEY, Appellant, for a Writ of Mandamus against FREDERICK C. STEVENS, as Superintendent of Public Works of the State of New York, Respondent.

VETERANS — SUPERINTENDENT OF PUBLIC WORKS PROHIBITED FROM REMOVING EXCEPT FOR CAUSE — CONSTITUTIONALITY OF CHAPTER 370, LAWS OF 1899. An honorably discharged soldier occupying the position of superintendent of repairs of a section of the state canals to which he was appointed by the superintendent of public works, cannot be removed therefrom except for "incompetency or misconduct shown after a hearing, upon due notice, upon stated charges" (L. 1899, ch. 370, § 21). This statute is not in conflict with section 3 of article 5 of the Constitution, conferring upon the superintendent of public works the power of appointment, suspension and removal; it was enacted in compliance with the direction of the constitutional provision that veterans should have not only a mere preference in appointments and promotions (Const. art. 5, § 9), but also the right to be retained in the service except for misconduct and incompetency to be declared and found upon written charges after a hearing; the statute and the constitutional provisions should be read together and effect, if possible, given to each. When so read there is no conflict; the power of removal is not affected, but the mode and manner of removal is prescribed by the statute, and this the legislature had the power to prescribe, so that the intention of the civil service provision of the Constitution should be carried into effect.

*Matter of Seeley* v. *Franchot*, 119 App. Div. 910, reversed.

(Argued November 19, 1907; decided December 10, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 1, 1907, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the defendant to reinstate the petitioner in the employment of the department of public works of the state of New York.

The facts, so far as material, are stated in the opinion.

*Irving L'Hommedieu* for appellant. Section 21 of the Civil Service Law is not repugnant to section 3 of article 5 of the State Constitution. (*People ex rel. McClelland* v. *Rob-*

*erts*, 148 N. Y. 367; *Matter of Stutzbach* v. *Coler*, 168 N. Y. 422; *People ex rel. Killeen* v. *Angle*, 109 N. Y. 564; *People ex rel. Jackson* v. *Potter*, 47 N. Y. 375; *Smith* v. *People*, 47 N. Y. 330; *People* v. *Rosenbury*, 138 N. Y. 415; *People ex rel. Gilbert* v. *Wemple*, 125 N. Y. 493; *People ex rel. Everson* v. *Lorillard*, 135 N. Y. 289.)

*George C. Pierce* for respondent. The superintendent of public works of the state of New York has the constitutional right to remove any appointee connected with his department. (Const. N. Y. art. 5, § 3; *People ex rel. Killeen* v. *Angle*, 109 N. Y. 564; *People ex rel. McClelland* v. *Roberts*, 148 N. Y. 360; *People ex rel. Cline* v. *Rodd*, 126 N. Y. 180; *People ex rel. Griffin* v. *Lathrop*, 142 N. Y. 113; *Matter of Stutzbach* v. *Coler*, 168 N. Y. 422.)

O'BRIEN, J. The relator applied to the Special Term of the Supreme Court for a writ of peremptory mandamus commanding the state superintendent of public works to restore him to a position in that department from which, as he claims, he was unlawfully removed. The relator in his application, in the form of an affidavit, stated the facts upon which he rested his right to the writ. No answer was made to this affidavit and, hence, the facts are admitted, since the defendant in legal effect demurred and rested his defense entirely upon questions of law; and so the question is whether upon the conceded facts stated in the relator's affidavit he was as matter of law entitled to the writ. There was no question of discretion involved.

The admitted facts are these, viz.: That the relator is an honorably discharged soldier, having served as such in the Union army during the recent war; that on the 12th of March, 1895, he was appointed superintendent of repairs of one of the sections of the Erie canal by the then superintendent of public works, and that since that time he has occupied the position and discharged the duties until the twenty-first day of December, 1906, on which day he was summarily removed from the position by the then superintendent of pub-

lic works; that prior to his discharge he had notified the superintendent in writing that he was an honorably discharged soldier ; that no charges had been brought against him and no copy of any charge served on him with an opportunity for a hearing thereon, nor had any hearing been given. Upon these facts he prayed that a peremptory mandamus issue directing and commanding the superintendent, or his successor, to reinstate him in the position from which he says he was unlawfully removed. The defendant, the present superintendent, is the successor of the officer who made the removal, but had nothing to do with the removal, and is simply made a party in order to effectuate the relief which the relator prayed for.

So that the sole question presented by this appeal is whether a veteran soldier, occupying a position by appointment in the department of public works, can be removed therefrom after serving some eleven years without any charges made, notice given, or opportunity to be heard, and no hearing granted. By chapter 370, section 21, of the Laws of 1899, it is provided that " No person holding a position by appointment or employment in the state of New York, * * * who is an honorably discharged soldier * * * shall be removed from such position or employment, except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges and with the right to such employee or appointee to review by a writ of certiorari." It cannot be doubted that if this statute was in full force and operation when the relator was removed from his position such removal was unlawful. The learned judge at Special Term, in a very clear and concise opinion, stated his reasons for denying the application, and his opinion was adopted by the Appellate Division in affirming the order, one member of the court dissenting in an opinion in which his views were very clearly expressed. So we have the full benefit of the discussion in the courts below with respect to the question presented by this appeal, and the conclusion of both courts was that the statute quoted above was repugnant to the State Constitution and, therefore, inoperative and void.

We must, therefore, inquire whether the legislature had the power to enact the statute which forbids the removal of a veteran from his position except upon charges made in writing, notice given and a hearing granted. The provision of the State Constitution which it is said condemns this legislation is as follows:

" A superintendent of public works shall be appointed by the governor. * * * The superintendent of public works shall appoint not more than three assistant superintendents, whose duties shall be prescribed by him, subject to modification by the legislature. * * * All other persons employed in the care and management of the canals, except collectors of tolls and those in the department of the state engineer and surveyor, shall be appointed by the superintendent of public works, and be subject to suspension and removal by him." (Art. V, sec. 3.) This provision is found in the present Constitution and was in the Constitution which the present one replaced. But the present Constitution now contains a provision which is new and was absent from all the Constitutions that preceded it. It is as follows:

" Appointments and promotions in the civil service of the state, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive; provided, however, that honorably discharged soldiers and sailors from the army and navy of the United States in the late Civil War, who are citizens and residents of this state, shall be entitled to preference in appointment and promotion without regard to their standing on any list from which such appointment or promotion shall be made. Laws shall be made to provide for the enforcement of this section." (Art. V, sec. 9.) It will be seen, therefore, that the present Constitution not only enacted that veterans should have a preference in appointments and promotions, but directed the legislature to enact laws for the enforcement of that provision, and the act of 1899 was passed in pursuance of that direction. It was in its general features a re-enactment of

11

a statute passed in 1891. The general statute in regard to the civil service of the state was enacted in 1883, and has since been in full force, with the changes made by the legislature from time to time. But it was clearly the purpose of the people of the state in adopting the present Constitution to embody the principle that appointments and promotions in the civil service should be made for merit, to be ascertained by competitive examination. · The general scope and effect of the constitutional provision in regard to the civil service, as enacted in the present Constitution, was passed upon in this court only a short time after the present Constitution was adopted. (*People ex rel. McClelland* v. *Roberts,* 148 N. Y. 360.) It had been held in the case of *People ex rel. Killeen* v. *Angle* (109 N. Y. 564) that the then civil service law did not apply to the department of public works, since the Constitution, as it then stood, vested the appointing power in the superintendent. Speaking of the changes made with respect to the civil service by the present Constitution it was said in the former case that it was " apparent that a new principle far-reaching in its scope and effect has been firmly embedded in the Constitution." The new principle thus referred to is expressed in the words of the present Constitution which have been quoted; and it was also said that " The Constitution as it now exists must be read and considered in all its different parts, and each provision must be given its appropriate place in the system and some office to perform, and at the same time all must· be so construed as to operate harmoniously. The application of these familiar rules of constitutional construction removes all doubt or difficulty with respect to the question under consideration, and the conclusion must follow that, while the power of appointment and removal is still with the superintendent of public works, it is subject to legislative regulation as to *the mode and manner,* and is brought within. the operation of general laws on that subject."

It is appropriate now to inquire as to what particular provision of the present Constitution has been violated by the passage of the act of 1899, which secured to veterans the

right to retain the positions to which they were appointed unless removed for cause after a hearing. There is only one possible answer to this inquiry and that is that since the Constitution conferred upon the superintendent of public works the power of appointment and the power of suspension and removal, the legislature had no authority to enact that a veteran, while still removable by the power that appointed him, was entitled to notice and a hearing upon charges before such removal could be made. It will be observed that the legislature did not take from the superintendent the power either to appoint, suspend or remove. It simply provided that the veteran should have the right to be heard before the removal was made. The Constitution provides that the veteran shall be entitled to preference in appointments and promotions irrespective of the place he occupies on the civil service list. But the construction given to this provision by the learned courts below renders it wholly illusory, since the contention is that the superintendent may obey the letter of the Constitution by making the preferential appointment one day and nullify that act by removing him the next day without cause or hearing. If that is the law with respect to veterans in the department of public works, it would seem to be a case where the framers of the Constitution gave the word of promise to the ear, only to break it to the hope. .

I do not think that the constitutional mandate to give preference to veterans in all appointments and promotions was such an idle and empty fulmination. This court has often said that the language of the Constitution in regard to appointments in the civil service embodied a broad and far-reaching principle. The principle doubtless was to give at least something like permanency of tenure to appointees in the civil service, and above all to put an end to the vicious practice which had grown up of changing employees whenever the appointing power was changed without any cause except the unrestrained will of the person who happened for the time being to be at the head of the department. It will be seen that the command of the Constitution applies to all appointees

under the state government which includes cities and villages, and, hence, the provision has the same application to state and city departments. Whatever the true scope and meaning of the words securing preference to veterans may be, it has the same meaning when applied to city or state departments, and this court has given an exposition of the effect and meaning of the words securing a preference for veterans that has a direct application to this case. The head of a city department was bound by law to keep the expenses of the department within the appropriations, and he could do that only by reducing the payroll and discharging employees, and accordingly he selected fourteen for immediate dismissal and they were dismissed. Among the number was one who happened to be a veteran but the least efficient person in the whole department and, of course, one who could be removed with the least prejudice to the public service. This court held that the constitutional provision securing to the veteran preference in appointment also secured to him the right to be retained. It condemned the idea that the Constitution applied only to appointments and promotions. The contention in that case against the veteran was that the Constitution provided only for a preference in appointment and did not, in terms or otherwise, provide that he shall be continued in the public service in preference to other appointees, and that the legislature could go no farther in securing a permanency of tenure than the very words of the Constitution; but this court held otherwise, as has been stated, and declared that the veteran must be reinstated although the least efficient of all the staff. It did not deny the power to remove him, but held that the removal could be made only for cause after a hearing in compliance with the statute. This is the language which the court employed in expounding the general scope and meaning of the Constitution in regard to appointments in the civil service.

" While the legislature cannot enact laws repugnant to this provision of the Constitution, it may legislate further in that direction from time to time if in its judgment it shall seem wise to do so. As it created the civil service system in

this state substantially as it now is before there was any con-stitutional provision on the subject, so it may go on from time to time strengthening it in what experience may prove to be the weak places, provided always that it does not offend against any of the provisions which the people have incorporated into the organic law.    And so it was within its power to place a limit upon the removal of persons employed in the public service as it has done by section 21, in which, in addition to the provisions already mentioned, it is provided that in cities of the first class, if the position held by an honorably dis-charged soldier shall become unnecessary or be abolished for reasons of economy or otherwise, he shall not be discharged from public service, but shall be transferred to any branch of the city service for such duty in that service as he may be fitted for, receiving the same compensation as before." (*Mat-ter of Stutzbach* v. *Coler*, 168 N. Y. 422.)   In this exposition of the true scope and meaning of the words securing a pref-erence to veterans, this court was unanimous, except one mem-ber not voting.   The decision in this case cannot be reconciled in any reasonable way with the views thus expressed, since it was held that the Constitution intended not only a preference in appointments, but a permanency of tenure, except in cases of misconduct or incompetency, to be declared upon charges made and a hearing had.  So it has been held that the legislature may in all cases prescribe to the appointing power the mode and manner in which the removal must be made.  Such regu-lation does not conflict with the power to remove.   It only pre-scribes the procedure and what shall be done in order to make the removal.   The superintendent of public works may remove appointees, but is it not competent for the legislature to pre-scribe that the removal shall be evidenced by some writing filed in the department?   And if so, may it not go farther and prescribe that the person selected for removal shall have one, two or three days' notice, as the case may be, before being deprived of his position?   And is it not equally com-petent for the legislature to say that he shall be informed in writing of the reasons for removing him and an opportunity

to make an explanation and to be heard upon the charge, whatever it may be? Is the power to remove a veteran so sacred and so hedged about by constitutional safeguards that the legislature cannot provide that in order to effectuate the removal some or all of these things must precede the removal? It seems to me not; and if it can say that any one of these things shall be done, why not all? Is there such a conflict between the power of removal by the head of the department and the power of the legislature to prescribe the manner in which the removal shall be made that the statute must be held to be void as repugnant to the Constitution? I think not.

We have in this case two constitutional provisions and a statute passed in pursuance thereof. We are required to give effect to all and such a construction, if possible, that all may operate harmoniously. In order to nullify the statute we must be able to say that it is so repugnant to and in conflict with the Constitution that the two enactments cannot stand or be reconciled in any reasonable way. One section of the Constitution gives to the superintendent power to appoint and remove. Another that veterans shall have preference in all appointments, which this court has held to mean not only a mere preference in appointments, but also the right to be retained in the service except for misconduct and incompetency to be declared and found upon written charges after a hearing. (*Matter of Stutzbach* v. *Coler*, *supra*.) And finally we have a statute which declares the same principle that this court has held to be embodied in the Constitution in regard to veterans. I am unable to discover the slightest conflict in these several provisions, and, hence, the statute should be given full force and effect.

I think the learned court below has given too much importance to the words of the Constitution which give to the superintendent the power to remove, since the power of appointment always implies the power of removal, in the absence of some restrictive legislation. (*People ex rel. Cline* v. *Robb*, 126 N. Y. 180.) In the present case, unless the Veteran

Act imposes the restriction, the power exists, even if the word "removal" was stricken from the Constitution.

The order of the Appellate Division and of the Special Term should be reversed, with costs in all courts, and the writ should be granted.

CULLEN, Ch. J., VANN, WILLARD BARTLETT and CHASE, JJ., concur; GRAY and WERNER, JJ., dissent.

Ordered accordingly.