(69 Misc. Rep. 436.)

### GOUCH v. GOUCH.

(Supreme Court, Special Term, Kings County. November, 1910.)

1. LIMITATION OF ACTIONS (§ 85*)—ABSENCE FROM STATE—DIVORCE.

> Neither the period of five years after discovery of ground for action of absolute divorce, limited by Code Civ. Proc. § 1758, for the bringing of such an action, nor the general statute of limitations, runs while defendant is without the jurisdiction of the court, so that process cannot be served upon him.
>
> [Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 85.*]

2. DIVORCE (§ 328*)—SERVICE OF PROCESS—NECESSITY.

> Where the husband leaves his wife, and goes to another state, and acquires a residence, a judgment of divorce, recovered by him in the latter state without personal service on the wife, is invalid.
>
> [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 831; Dec. Dig. § 328.*]

Action by Isabel Gouch against Chauncey G. Gouch. Judgment for plaintiff.

Langbein & Langbein (Leonard J. Langbein, of counsel), for plaintiff.

Morschauser & Hoysradt (Willet E. Hoysradt, of counsel), for defendant.

PUTNAM, J. After the defendant had married the plaintiff within the state of New York in 1879, they lived together at Yonkers, and later in Brooklyn, until the fall of 1890, when they separated, and the defendant continued to provide for his wife until July, 1891. Some years later, he went to Illinois, and, after gaining a local residence, began a suit for divorce in the superior court of Cook county. No personal service was made upon the wife, who had no knowledge of the proceeding, and a decree of absolute divorce on the ground of desertion was made upon default on the 19th day of November, 1897. No service of this decree appears to have been made upon the plaintiff, who continued to reside in this state and to support herself by her own efforts. On the 22d of December, 1897, a marriage was solemnized in Grand Rapids, Mich., between the defendant and one Adele Patton, and it appears that in 1903 the defendant, with this wife, was living in an apartment as man and wife, and have since continued

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

so to live. On the 9th of January, 1909, the plaintiff commenced this action, which was followed later by personal service upon the defendant.

It is entirely clear, under the decisions of New York and of the federal courts (Olmsted v. Olmsted, 190 N. Y. 458, 83 N. E. 569; Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867), that the alleged decree of divorce obtained in Illinois is inoperative upon the rights of this plaintiff, who never submitted herself to the jurisdiction of the foreign tribunal. It is urged, however, that plaintiff cannot maintain this suit so-long after the defendant's remarriage in 1897. It appears that plaintiff heard rumors of defendant's remarriage, and then wrote a letter to her husband on the subject, which was never answered. She then inquired as to the facts from his brother, who declined to give any information on the subject. Plaintiff was first informed definitely of the second marriage at the time of a foreclosure suit in or about 1908, in which her husband and herself, as well as the second wife, were named as defendants.

Even if the inference can be drawn that the plaintiff heard of the marriage at the time it took place, that does not necessarily establish that she had such knowledge of the adulterous intercourse which followed and continued down to the commencement of the action as would bar a recovery. The provision of the Code of Civil Procedure (section 1758) and the rule of court as to such an action being brought within five years after the discovery of the adultery have been construed in Ackerman v. Ackerman, 123 App. Div. 750, at page 755, 108 N. Y. Supp. 534, at page 538, in which case the court said:

"Or if such a marriage took place, it did not follow that the parties had continued to live together as husband and wife all the years in question. The plaintiff certainly is not shown to have been in possession of such knowledge or information as would have enabled her to have proved a case to support an action for divorce until she learned the defendant was living in Baltimore with the corespondent as his wife. Discovery means something more than mere suspicion."

Furthermore, the obligation to institute an action requires that there should be a defendant within the jurisdiction of this court, and it is clear that under the decisions such an action, where the defendant remained without the state, could not be validly begun except upon the chance of finding him within the state for the purpose of personal service.

Therefore plaintiff was not barred from bringing her action when she did, either by the terms of section 1758 of the Code or (as is also urged on behalf of defendant) by the general statute of limitations.

Judgment for plaintiff.