THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK B. COTTE, Respondent, *v.* FRANKLIN C. GILBERT, Clerk of the Town of Hempstead, Appellant.

**Nassau county — town elections — constitutional law — chapter 126 of the Laws of 1917 permitting towns of Nassau county to hold town meetings biennially in November of odd-numbered years, although a local act, not unconstitutional.**

Chapter 126 of the Laws of 1917 (now section 588 of the Town Law), which provides that after the 3d day of April, 1917, the next biennial town meeting and election of town officers in the towns of the county of Nassau should be held on the first Tuesday after the first Monday in

November in the year 1919, and thereafter such town meetings and elections should be held on that day in every odd-numbered year, although a local act, does not violate section 18 of article 3, of the Constitution. (*People ex rel. Clancy* v. *Board of Supervisors*, 139 N. Y. 524, distinguished.)

*People ex rel. Cotte* v. *Gilbert*, 187 App. Div. 23, reversed.

(Argued March 20, 1919; decided March 21, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 19, 1919, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus to compel the defendant to receive and file certain nominations for town offices.

The facts, so far as material, are stated in the opinion.

*M. Linn Bruce* and *Jeremiah Wood* for appellant. The provisions of the Town Law in question are valid. (*People ex rel. Emsfield* v. *Murray*, 149 N. Y. 367; *Matter of Wallace*, 71 App. Div. 284; *Gubner* v. *McClelland*, 130 App. Div. 716; *People ex rel. Clancy* v. *Supervisors*, 139 N. Y. 324; *Rathbone* v. *Wirth*, 150 N. Y. 514; *Sugden* v. *Partridge*, 174 N. Y. 87; *Rosin* v. *Lidgerwood*, 87 App. Div. 345; *L. I. R. R. Co.* v. *Jones*, 151 App. Div. 407; *Parkin* v. *Wallace*, 80 Misc. Rep. 425.)

*Alfred A. Gardner* and *Sylvanus D. Ward* for respondent. Chapter 126 of the Laws of 1917, entitled "An act to amend the town law, in relation to town meetings in the county of Nassau and to terms of office of town officers heretofore and hereafter elected therein and the filling of vacancies," violates article 3 of section 18 of the Constitution of the state of New York. (*People ex rel. Hassell* v. *Hoffman*, 60 How. Pr. 324; *People ex rel. Clancy* v. *Supervisors*, 139 N. Y. 524; *Matter of Henneberger*, 155 N. Y. 425.)

*Henry P. Keith, Toney A. Hardy* and *Thomas J. Cuff* for William H. Jones et al., intervening. Section

588 of chapter 126 of the Laws of 1917, otherwise known as section 588 of the Town Law, is unconstitutional. (*Healy* v. *Dudley*, 5 Lans. 115; *People* v. *O'Brien*, 38 N. Y. 195; *People ex rel. Clancy* v. *Bd. of Supervisors*, 139 N. Y. 524; *Fort* v. *Cummings*, 90 Hun, 41.)

MCLAUGHLIN, J.  In 1899 the board of supervisors of the county of Nassau, by resolution, duly passed, pursuant to the provisions of the Town Law (Laws of 1898, chap. 363) and section 40 (Consolidated Laws, chap. 62) fixed the first Tuesday of April in odd-numbered years as the time for holding biennial town meetings in such county, and town meetings were accordingly held up to and including April 3, 1917.

In 1917 the legislature passed chapter 126 (now section 588 of the Town Law) and it became a law on the 2d of April of that year.  This act provided that after the third day of April, 1917, the next biennial town meeting and election of town officers in the towns of the county of Nassau should be held on the first Tuesday after the first Monday in November in the year 1919, and thereafter such town meetings and elections should be held on that day in every odd-numbered year.  The section further provided that the town officers to be elected at that town meeting should hold office until and including December 31, 1919, excepting certain ones, and their successors should be elected at the regular biennial meetings which it provided should be held on the general election day in November in 1919.

Certificates of nomination for town officers in the town of Hempstead in the county of Nassau to be voted for on the first Tuesday of April, 1919, were presented to the town clerk of that town, who declined to receive or file the same, on the ground that the time for holding the election for town officers had, by the act of 1917, been changed from the first Tuesday in April to the first Tuesday after the first Monday in November.

Application was thereupon made to the Special Term of the Supreme Court for a peremptory writ of mandamus to compel him to receive and file such certificates. The application was granted, the Special Term holding that the act of 1917 was unconstitutional. An appeal was taken to the Appellate Division, where the order of the Special Term was, for a similar reason, affirmed by a divided court. From this order the present appeal is taken.

The act of 1917 has been pronounced invalid. It is claimed it violates article 3, section 18, of the Constitution of the state. This section provides, among other things, that " The Legislature shall not pass a private or local bill in any of the following cases:  *  *  * providing for election of members of boards of supervisors." The questions presented, therefore, are (1) whether the act is a local one, and (2) whether it provides for the election of members of the board of supervisors within the constitutional provision. That it is a local act cannot well be questioned. The answer to the remaining question necessarily turns upon the construction to be put upon section 18. In construing this provision of the Constitution it must be read in connection with section 26 of the same article, which provides there shall be in each county, except in a county wholly included in a city, a board of supervisors to be composed of such members and elected in such manner and for such period as is or may be provided by law. When thus read, I am of the opinion that the act of 1917 is a valid legislative enactment.

When an act of the legislature is questioned as to its constitutionality, every reasonable doubt must be resolved in favor of its validity. (*Matter of Seeley* v. *Stevens,* 190 N. Y. 158; *Matter of Sugden* v. *Partridge,* 174 N. Y. 87; *People* v. *Petrea,* 92 N. Y. 128.) Section 18 appeared first in the Constitution of 1874 and was continued in the Constitution which took effect on the 1st of January, 1895. Since then numerous counties have been exempted by

the legislature from the provisions of section 40 of the Town Law in precisely the same manner as have the towns in the county of Nassau. Upwards of twenty years ago an act was passed which was applicable only to the counties of Orange, Rockland and Sullivan, changing the time of holding town elections in towns in those counties to the time of holding the general election in November. (Laws of 1897, chap. 439.) Like laws have since been passed, applicable to other counties, Suffolk (Laws of 1918, chap. 319); Chenango (Laws of 1919, chap. 3); Erie (Laws of 1902, chap. 10); Onondaga (Laws of 1898, chap. 594); Oneida (Laws of 1901, chap. 34); Rensselaer (Laws of 1901, chap. 174); Niagara (Laws of 1902, chap. 239), and Herkimer (Laws of 1903, chap. 266). Orange, Rockland, Sullivan, Suffolk and Chenango counties were mentioned by name. It is possible that the act relating to Erie might be considered a general law, but the laws applying to Onondaga, Oneida, Rensselaer, Niagara and Herkimer, while not mentioning them by name, identify them by the preceding state or Federal enumeration in such a way that it is claimed they are as clearly identified as if their names were used.

It, therefore, appears that for many years there has been a legislative interpretation of this section of the Constitution, together with a practical construction given it and acted upon without question or complaint by any one which ought to be considered, certainly not lightly disregarded. (*Rathbone* v. *Wirth,* 150 N. Y. 459, 514.)

Section 40 of the Town Law fixed the time when town meetings shall be held throughout the state, viz., biennially on the second Tuesday of February. The section further provides that the board of supervisors of any county may fix a different time between the first day of February and the first day of May, or the general election day in November, and section 41 confers upon any town

the power to change any day so fixed to the general election day in November.

It thus appears it was not the legislative intent that town meetings in all the towns throughout the state should be held on the same day. But it is urged that while the legislature, under the Constitution, may delegate to the board of supervisors in any county power to change the date, it cannot itself make an exception to the time so fixed by section 40, except by a general act.

But when section 18 is read in connection with section 26, as already suggested, I do not think there is any limitation upon the power of the legislature to fix the time of holding an election for town officers in any county of the state. Indeed under the present law, uniformity is not required. One county may have one time and an adjoining county another. The limitation upon such power in the section is as to the *manner* and *method of election* and the composition of the board. This limitation is to prevent one town having a larger representation upon the board than another town, or to prevent one county selecting its board of supervisors in one way and another county in another. The uniformity now existing in this respect is in no way interfered with by the act in question. The composition of the board, representation thereon, the terms of office of its members, except only in so far as is necessary to prevent a vacancy, remain the same.

Attention is called by the respondent to *People ex rel. Clancy* v. *Board of Supervisors, Westchester Co.* (139 N. Y. 524). The decision in that case is not in conflict with the view here expressed. All that case determined was the validity of certain provisions of the charter of the city of Yonkers as amended in 1892 (Laws of 1892, chapter 54, section 4), allowing a supervisor of each ward to be elected by the electors of the ward and the court held that the act was not in conflict with section 18 of article 3 of the Constitution.

If the foregoing views be correct then it follows that the orders of the Appellate Division and the Special Term should be reversed and the application for mandamus denied, without costs.

Hiscock, Ch. J., Chase, Collin, Cuddeback, Hogan and Crane, JJ., concur.

Orders reversed, etc.