In the Matter of the Application of ARTHUR P. CLARK, Respondent, for an Alternative Mandamus Order against FREDERICK STUART GREENE, as Superintendent of Public Works of the State of New York, Appellant.

Third Department, June 27, 1924.

Civil service — mandamus to compel reinstatement of exempt fireman to position of deputy claims agent in State Department of Public Works — petitioner was appointed as result of competitive civil service examination — Superintendent of Public Works abolished petitioner's position — State Constitution, art. 5, § 3, bars petitioner's right to removal in inverse order of appointment under Civil Service Law, § 22-a — Public Works Law, §§ 9 and 18, regulating removal takes precedence over Civil Service Law — petitioner not entitled to be reinstated.

The provisions of section 22-a of the Civil Service Law requiring the removal of employees in the inverse order of appointment does not apply to the State Department of Public Works, since they are in conflict with section 3 of article 5 of the State Constitution which grants to the Superintendent the power of suspension or removal and with sections 9 and 18 of the Public Works Law giving the Superintendent the same power, and since the Public Works Law is a specific statute applying to the Department of Public Works and contains provisions relating to the appointment and removal of employees, it takes precedence over the Civil Service Law.

Accordingly, the petitioner, an exempt fireman, is not entitled to be reinstated to the position of deputy claims agent in the Department of Public Works, to which he was appointed as the result of a competitive civil service examination, since he was lawfully removed by the Superintendent of Public Works when the latter abolished the position and the Superintendent was not required to remove employees in the inverse order of appointment.

APPEAL by the defendant, Frederick Stuart Greene, as Superintendent, etc., from an order of the Supreme Court, made at the Rensselaer Special Term and entered in the office of the clerk of the county of Albany on the 7th day of April, 1924, granting the petitioner's application for an alternative mandamus order to compel the defendant to reinstate the petitioner to the position of deputy claims agent in the Department of Public Works in the State of New York with all the salary, interest and emolument due him from the 1st day of January, 1924, and also from an order entered in said clerk's office on the 22d day of April, 1924, directing that the affidavit of the defendant be stricken from the record.

*Carl Sherman, Attorney-General [Edward G. Griffin, Deputy Attorney-General,* of counsel], for the appellant.

*Burnham & Frank [Glenn A. Frank* of counsel], for the respondent.

McCANN, J.:

The petitioner held the position of deputy claims agent in the Department of Public Works. He was appointed as the result of a competitive civil service examination. The Superintendent wrote the petitioner that pending statutory authorization transferring the Claims Bureau to the Attorney-General's Department he requested the resignation of the petitioner. He inclosed a form for his signature and return. The petitioner refused to comply and the Superintendent wrote to him notifying him that his position was abolished. The petitioner claims that as a civil service appointee his removal must be in compliance with the provisions of section 22-a of the Civil Service Law requiring the removal of officers in the inverse order of their appointment. The position taken by the appellant is that the action of the Superintendent in removals is not controlled by the Civil Service Law and further that the petitioner was not the first person to be appointed to the position in question. As we have arrived at the conclusion that the petition should be dismissed, we are accepting the statement of facts in such petition as true; therefore, we must recognize as a fact that he was not the last one to be appointed. The petitioner also claims preference by virtue of the fact that he is an exempt fireman. Article 5, section 3, of the Constitution, as amended in 1876, provides that all persons of the class to which the petitioner belonged, appointed by the Superintendent of Public Works, should be " subject to suspension or removal by him." Thereafter the Civil Service Law, known as chapter 354 of the Laws of 1883, was passed. Under such statute it was held in *People ex rel. Killeen* v. *Angle* (109 N. Y. 564 [1888]) that the Civil Service Law could not apply to the Department of Public Works because of such constitutional pro-

vision. By the constitutional amendment of 1894 section 9 was added to article 5 and provides that " appointments and promotions in the civil service * * * shall be made according to merit and fitness to be ascertained * * * by examinations, which * * * shall be competitive." There was also added a provision that "honorably discharged soldiers and sailors from the Army and Navy of the United States in the late Civil War, who are citizens and residents of this State, shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made. Laws shall be made to provide for the enforcement of this section." Following this amendment, the case of *People ex rel. McClelland* v. *Roberts* (148 N. Y. 360 [1896]) held that the two constitutional provisions must be read together and that section 9 controlled appointments made by the Superintendent of Public Works and required them to be made under the provisions of the Civil Service Law. In *Matter of Seeley* v. *Stevens* (190 N. Y. 158 [1907]) it was held that the language of the Constitution of 1894 providing for " appointments and promotions " applied equally to " discharges " and in the latter case it was held that " the Legislature may in all cases prescribe to the appointing power the *mode and manner* in which the removal must be made. Such regulation does not conflict with the power to remove. It only prescribes the procedure and what shall be done in order to make the removal." There is no basis for the claim of the petitioner that he is entitled to preference on the question of removal other than is awarded to any person holding a similar position. His preference is not created by the Constitution. It is a statutory one and is barred by the provisions of section 3 of article 5 of the Constitution. The question, therefore, in this case is, do the words " mode and manner " require that the Superintendent shall remove in the inverse order of appointment? The removal in the *Stevens* case was that of a Civil War veteran, one whose preference was created by the Constitution. The particular mode and manner referred to in that case was the giving of a notice to the party and an opportunity to be heard. It is claimed that the logic of the *Stevens* case applies to the first part of section 9 of the Constitution with reference to those not preferred, as well as to Civil War veterans who are preferred by the last half of the section. Therefore if the logic of the *Stevens* case is applied to the case at bar, we have this situation: The Superintendent must remove in the *mode and manner* prescribed by law. If this means that he must remove in the inverse order of appointment, then he must remove the specific individual who was last appointed

to the position in question; hence he has no option whatsoever as to the individual who shall be removed. Consequently the language of section 3 of article 5 is meaningless and he is left without any power whatsoever to exercise any discretion with reference to removal. The only power which remains is a ministerial one. I do not believe that such was the intention of the Constitution or the Legislature. It is stated in both the *Roberts* and *Stevens Cases* (*supra*) that section 3 and section 9 of article 5 must be read together in order that each may have its full force and effect and carry with it some meaning. Therefore, it cannot be said that section 22-a of the Civil Service Law prescribes the *mode and manner* when it requires that the Superintendent shall remove in the inverse order of appointment, because such provision, if obligatory, carries with it the possible obligation upon the part of the Superintendent to remove a most efficient man in a certain class of employment for the purpose of abolishing one of many positions existing in such class. It also carries the obligation of removing the very man he wants to retain in order that he may discharge another. If further proof is necessary to show the intent of the Constitution and of the Legislature, it is found in the Public Works Law (Laws of 1923, chap. 867). Sections 9 and 18 are particularly applicable to the question at issue. The Legislature acted under the Constitution of 1894 after the decision in the *Roberts* and *Stevens Cases* (*supra*) and has reiterated the language of section 3, article 5 of the Constitution and indicated its intent clearly by stating in section 9 of such statute as follows: " The Superintendent of Public Works may appoint a secretary. He may also appoint such other subordinates and employees as may be necessary for the exercise of his powers and the performance of his duties. He shall prescribe their duties and fix their compensation, which shall not exceed the amount annually appropriated by the Legislature for that purpose. He may transfer officers or employees from their positions to other positions in the Department, may consolidate such positions, or may abolish any such office or position except that of Assistant Superintendent, or the office held by the head of a bureau. *He may suspend or remove from office any officer, subordinate or employee of the Department.*"

Here we find the same words as were used in the Constitution, to wit, " suspend or remove." The foregoing is a specific statute applying to the Department of Public Works and has to do with the appointment and removal of employees, which is the same subject which is treated by the Civil Service Law, and being a special statute laying down the rule on the same subject, it must take precedence over the Civil Service Law. The respondent

claims that had the Legislature intended to exempt the Department of Public Works from the provisions of the Civil Service Law, its language would have been specific and cites as an illustration section 18 of the Labor Law (as amd. by Laws of 1921, chap. 642), which reads as follows: " The Commissioner, notwithstanding the provisions of any other general or special law, saving and excepting the provisions of section twenty-two of the Civil Service Law, may transfer officers or employees from their positions to other positions in the Department, or abolish or consolidate such positions and may remove any officer or employee in the Department."

No stronger language can be used than that which is found in section 9 of the Public Works Law and it is especially emphatic as being a reiteration of the language of section 3, article 5 of the Constitution and expresses the intent on the part of the Legislature to reassert the power given to the Superintendent of Public Works by such section. It shows an intent that such power shall be in no way abridged; neither could it by any legislative act be so abridged. To hold that section 22-a of the Civil Service Law controls section 3 of article 5 of the Constitution in removals " in the inverse order " is to hold that the language used in section 3, article 5 of the Constitution and in section 9 of the Public Works Law is meaningless. To hold to the contrary gives full force and effect not only to the provisions of the Constitution but to the provisions of the Public Works Law and of the Civil Service Law as well. Having reached the foregoing conclusion, it becomes unnecessary to discuss the question as to the authority of the Special Term to strike out the affidavit as provided by the order of April 19, 1924. The order for an alternative mandamus should be reversed, with ten dollars costs and ten dollars motion costs.

All concur.

Order reversed on the law, with costs, and motion denied, with ten dollars costs.