C. CHESTER DU MOND, as Commissioner of Agriculture and Markets of the State of New York, Plaintiff, *v.* JOSEPH WALSH et al., Defendants.

Supreme Court, Special Term, Albany County, September 2, 1947.

*Robert G. Blabey* and *Donald L. Brush* for plaintiff.

*James J. McDonough* and *James D. C. Murray* for defendants.

MURRAY, J. Defendants, potato growers in Nassau County, New York, have violated and refused to obey a golden nematode quarantine order issued by plaintiff, Commissioner of Agriculture and Markets of the State of New York, in his effort to carry out the provisions of chapter 663 of the 1947 Laws of the State of New York enacted to control and eradicate a most vicious and destructive potato disease called golden nematode. Defendants, in extenuation, say they did not intentionally mean to ignore the order but such plea of avoidance is disputed and refuted by accredited officials of the Department of Agriculture of the State of New York and the United States who in affidavits filed state defendant, Albert Walsh, when asked why he violated the order replied the quarantine was a lot of bosh and did not amount to anything and asked why he was not let alone and asserted within a week he would have all the potatoes he had planted dug up and sold; that defendants would harvest their crops as they saw fit and sell them as they saw fit and that they did not intend to comply with the quarantine order. The result of such open, flagrant defiance and hostile attitude by defendants caused plaintiff to institute this action. Judgment is demanded against defendants, Walsh, for a permanent injunction restrain-

ing them from violating any of the provisions of the nematode quarantine order and from harvesting or transporting potatoes grown by them and to which the order is applicable without first obtaining all necessary permits from plaintiff. An order to show cause was issued — which contains a stay of all proceedings upon the part of defendants with reference to violating the quarantine order — upon motion by plaintiff why pending determination of the merits of this action, a temporary injunction should not be granted restraining defendants from harvesting any potatoes on lands operated or owned by them or under their control in the area described in Quarantine No. 3 order and from in any manner violating the provisions of the quarantine.

Defendants, by cross motion, seek an injunction *pendente lite* restraining plaintiff from enforcing the quarantine order issued by him and all orders in furtherance thereof in pursuance of chapter 663 of the 1947 Laws of the State of New York. The matter presently before the court is a determination of the merits of such respective motions.

Judicial notice is taken that the Legislature has found and declared the golden nematode disease of potatoes has become established in a very limited area in the State and that such disease is a serious threat to the potato and other related crops as has been demonstrated by the ravages of such disease in lands and countries where it has occasioned widespread destruction and damage; and that the effects of such disease, if not properly controlled, arrested and eradicated, in New York State would be disastrous to both producers and consumers and to the public generally.

The law provides for payment by the State to owners and operators of lands infested with or host to the golden nematode whose use by them has been restricted by plaintiff for growing potatoes. Duty is imposed on the Commissioner of Agriculture to issue and enforce orders by way of quarantine or otherwise to carry out the purposes of the law. This court will not by decree, judgment, fiat or otherwise arrogate to itself intelligence superior to and greater than the People of the State of New York as represented by its chosen legislative representatives nor likewise be presumptuous to dare substitute its very limited knowledge of bugs, insects, parasites and diseases which infect and infest plant life, the air, and the soil particularly with reference to planting, growing and marketing potatoes. The function of the judiciary is not to enact laws but solely to interpret and administer them and apply the law to the evidence

and insofar as human wisdom permits protect and safeguard above everything public health and the public welfare and to strengthen and not weaken the hands of administrative officials in fulfilling and carrying out their sworn and prescribed duties. No thoughtful person is unmindful or unsympathetic with farmers or growers of potatoes or other crops and well realize and appreciate their unremitting toil and efforts from dawn to darkness in cold, in heat, in rain and dust to plant, cultivate and harvest the fruits of their labor. Farmers and producers of food truly are the backbone of the nation. Their lot generally speaking is hard and their remuneration not proportionate to industrial gains; nonetheless, they are not immune from the law.

Defendants challenge the constitutionality of the law. They have submitted affidavits from potato growers in Nassau County and scientists which summarized are that the golden nematode has been present in Nassau County for many years, has not spread, and under normal growing conditions potatoes can be grown as well on heavily infested golden nematode lands as on noninfested lands. They claim they will suffer great financial loss and irreparable injury unless the quarantine is nullified by the court. They assert the golden nematode is not the serious threat it is claimed to be since it has existed for many years; that during such time potatoes have been dug and shipped from infected areas and there has been no spread of the disease; that the true facts have been greatly exaggerated. The merits of such contentions must await trial of the issues of fact raised by the pleadings. If such evidence has the weight defendants claim for it the appropriate place to have produced it was before the Legislature and Governor Dewey. This court will not on such issues make any finding contrary to the Legislature which specifically has found and declared '' the golden nematode disease of potatoes  *  *  *  is a serious threat to the potato crop  *  *  *.'' I unhesitatingly adopt such determination and will not reject it or modify such finding in any particular.

The law is consistent with section 3 of article XVII of the Constitution of the State of New York wherein the people have declared '' The protection and promotion of the health of the inhabitants of the state are matters of public concern and provision therefor shall be made by the state and by such of its subdivisions and in such manner, and by such means as the legislature shall from time to time determine.'' Chapter 663 of the 1947 Laws of the State is within the intent, spirit, scope and purpose of the Constitution. Courts may not declare a

law void merely because in their opinion it is opposed to the spirit supposed to pervade the Constitution but not expressed therein in words.

It needs no citation of authorities that every act of the Legislature must be presumed to be in harmony with the fundamental law until the contrary is clearly made to appear. (*People* v. *Crane,* 214 N. Y. 154.) The rule of law applicable here as to the constitutionality of the law in question is well stated in *Matter of New York Elevated R. R. Co.* (70 N. Y. 327, 342) wherein the court of Appeals has written: " * * * nothing but a clear violation of the Constitution will justify a court in overruling the legislative will. Every statute is presumed to be constitutional, and every intendment is in favor of its validity. When a statute is challenged as unconstitutional as in conflict with the fundamental law, a clear and substantial conflict must be found to exist to justify its condemnation, but when found, courts must not hesitate to condemn. The Constitution is the voice of the people speaking in their sovereign capacity, and it must be heeded."

Even if there is reasonable doubt as to the validity of a statute it should be upheld (*People ex rel. Cotte* v. *Gilbert,* 226 N. Y. 103) and where a statute admits of two constructions, one of which will make the act in violation of the Constitution and by the other of which the act can be sustained as a proper exercise of legislative power that construction should be given which assumes the Legislature was mindful of its constitutional limitations and passed a constitutional and not an unconstitutional act. (*People* v. *Ringe,* 197 N. Y. 143.) The golden nematode law, chapter 663, 1947 Laws of the State of New York, is valid beyond the shadow of a doubt. It is a health and conservation law designed to promote the greatest good for the greater number of the inhabitants not only of the State of New York but the nation as well. Volumes and essays without number can be written in praise of the homely tuber, the potato. What it has done to impart strength, virility, peace and comfort to humanity need not be stated here. If bread is the staff of life, it well may be asked without levity what is a meal without a potato? It is not too hard to visualize total disappearance of the potato if what the Director of the Bureau of Plant Industry of the Department of Agriculture and Markets of the State of New York states are the facts that the golden nematode disease of potatoes attacks the roots, saps the strength from plants, limits productivity and from its personal knowledge of the history of the disease completely destroys profitable productivity.

The old maxim is still true that a stitch in time saves nine. The quarantine order issued under all the facts and circumstances and from the papers submitted is neither arbitrary, oppressive nor unjust. It is consonant with the will of the people, the law, and must not go unheeded. Motion of plaintiff is granted and cross motion of defendant denied.

Submit order in accordance herewith.