Fuchsberg, J. (concurring).
Besides joining in Judge Wachtler’s opinion because of the procedural limitations that he articulates, I believe it well that the attack on the proposed bond referendum not go unanswered. For, in my opinion, it is not to be assumed that it would not pass constitutional muster.
Section 11 of article VII of the State Constitution in its phrase "single work or purpose” employs verbiage which succeeded to the phrase "single work or object” in order to "remove any doubt that may exist as to the power of the state to contract a debt for a single objective that may relate to more than one physical structure or, indeed, as in the case of relief bonds, may not include a physical structure” (New York State Constitutional Convention of 1938, Proposed Amendments, vol II, No. 748, Int 665, p 19; emphasis supplied).
"Comprehensive and integrated economic” development, the *533 stated purpose of chapter 455, appears to be well within the embrace of "purpose” as so defined. And nowhere is it suggested that the Constitution’s use of the word "single” is to be equated with concepts of simplicity, narrowness or size.
In adopting chapter 455, the Legislature noted the "alarming decline [in the] once vigorous economy of the 'Empire State’ ” to a point where the loss of 700,000 jobs had brought manufacturing employment to its lowest level since the depression of the thirties, State-wide employment had lagged behind the rest of the Nation by an aggregate of about 14% and the 21 major industrial groups within the manufacturing section had declined by more than 20% since 1970. Pointing also to a rapid deterioration of capital facilities vital to New York’s commerce and industry to a state of imminent economic disaster for the State and its localities, it concluded that a problem of this magnitude could no longer be addressed in piecemeal fashion but only by means of a single economic action program. These legislative findings are not lightly to be disregarded (People ex rel. Cotte v Gilbert, 226 NY 103, 107). Nor is the proposed remedy. It is difficult to believe that section 11 of article VII is not intended to be resilient enough to meet so pressing a societal need in an age when, for over 40 years now, the interrelationship between our economy and our government is no longer dependent on whether the thinking of a Keynes or of a Friedman holds forth in the White House or the Governor’s mansion.
A public "objective” like the one here may require multiple steps or projects for its fulfillment and these components, of course, can often readily be classified into "categories”. However, they need not take away from the singleness of a permissible objective to which they are subordinate just as the four categories listed in the proposition before us do not obscure the singleness of its purpose. Their enumeration there appears to be more statistical and informational rather than legal or economic in significance.
There is no stereotyped way to best assure the electorate an intelligent choice. If the four categories were not detailed in the particularization of how the economic development objective was to be implemented would that have satisfied those who would focus on the word "single”? Or if, instead, each of the four were submitted as a separate proposition, would it evoke challenges because each of the multiple projects of which it was made up, was not, in turn, put to a separate *534 vote? After all, the proliferation of sets and subsets in such a situation can go on ad infinitum. What is more, the passage of some rather than all of such subproposals might as effectively frustrate a particular proposition’s objective as would its repudiation as a whole.
The concept of a public referendum is the basic safeguard in the contracting of debts which the Constitution contemplated. Insistence that it be oversimplified in form or substance does a disservice to our citizens and is not what I conceive to be within the spirit of section 11 of article VII. If the amount of a bond issue sought to be approved is a large one, the voters may reject it for that very reason. If each of its "integrated” parts is objectionable to its own opponents, there may be a totality of more informed and interested critics than if there was but one category of projects to achieve the stated "purpose”. There are those who well may oppose the incurring of debt on principle while "pay-as-you-go” is a viable alternative. In short, without further example, it is not at all to be taken for granted that propositions submitted will be adopted or rejected willy-nilly or that the true constitutional purpose will be carried out by overprotectiveness of the right to exercise the franchise.
Therefore, if we were not reversing and remitting with directions to dismiss the complaint, I would vote for a declaration of constitutionality.